JOHN W. FISHER & another, executors *vs.*
FREDERICK J. FORD.

Middlesex.    January 10, 1919. — January 16, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Relevancy. *Witness. Practice, Civil,* Requests and rulings.

At the trial of issues as to the execution of a will and whether the testator was of sound mind or was unduly influenced, evidence tending to show that the person alleged to have exercised the undue influence, who was named an executor in the will and who was appointed a special administrator during the controversy as to

the allowance of the will, had attempted to have the estate appraised at a figure much less than there was evidence tending to warrant, should be excluded as irrelevant to any issue on trial, and, in the discretion of the trial judge, may be excluded if offered to affect the credibility of the executor as a' witness.

At such a trial it is proper for the judge to refuse to instruct the jury as to the length of time within which a will should be presented for probate by the person having it in custody, such question not being pertinent to the issues or to the evidence.

APPEAL from a decree of the Probate Court for the county of Middlesex allowing the will of James Ford late of Newton. The appellant was the only son of the testator.

The following issues were framed and were sent to the Superior Court for trial:

1. "Was the instrument offered for probate as the last will of James Ford executed according to law?"

2. "At the time, of the execution of said instrument was said James Ford of sound and disposing mind and memory?"

3. "Was said instrument procured to be made through the fraud or undue influence of A. Leslie Harwood, Jr., and John W. Fisher, or either of them?"

The issues were tried before *Wait*, J. The executors named in the will were John W. Fisher and A. Leslie Harwood, Jr. Harwood and the appellant were appointed special administrators of the estate. The bill of exceptions stated: "There was evidence from which, if believed, while evidence to the contrary was disbelieved, a jury might have found a different verdict upon each of the issues." Certain exceptions were saved by the appellant to the exclusion of evidence, described in the opinion. The jury answered the first and second issues in the affirmative and the third in the negative. The appellant alleged exceptions.

*P. J. Duane*, for the appellant.

*L. D. Jennings*, (*A. L. Harwood, Jr.* with him,) for the appellees.

BY THE COURT. These exceptions relate to the trial in the Superior Court of the issue among others whether the will of James Ford was procured to be made through the undue influence of one Harwood.

There was no error in excluding the offers in various forms to show that Harwood at the time of the making of the inventory for special administrators attempted to have the estate of the deceased appraised at a great deal lower figure than there was

evidence tending to warrant.  Occurrences of this nature after the death of the testator had no bearing upon the question whether undue influence had been exercised several years earlier, at the time when the will was executed.  So far as such conduct may have affected the credibility of the witness, if at all, its admission was within the discretion of the trial court.

The refusal to instruct the jury as to the length of time within which a will should be presented for probate by the person having its custody was not erroneous in law.  That also had no pertinency to the issues on trial and the evidence disclosed on the record.

*Exceptions overruled.*