ROY L. SHAW *vs.* KEOWN AND McEVOY, INC.

Worcester.     October 20, 1922. — December 1, 1922.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Evidence,* Opinion: expert. *Witness,* Expert. *Practice, Civil,* Exceptions.

At the trial of an action for the purchase price of "Aroostook" potatoes shipped from Maine to Worcester in 1919, it appeared that a dispute arose as to the condition of the potatoes on arrival, and that the plaintiff sent a man from Maine to act with one chosen by the defendant in Worcester in sorting the potatoes. The plaintiff called this man to testify as an expert as to the fair market price at that time in Worcester of the potatoes in question remaining after sorting. In a preliminary examination as to his qualifications, the witness testified that his vocation was that of a paper hanger and painter; that as such he had worked for the plaintiff and had not been in the potato business since 1914; that he had bought and sold potatoes in the years 1913 and 1914 and had raised some in 1914; that between 1914 and 1919, when he "made this transaction" with the defendant, he had not raised, bought nor sold potatoes; that at the time he sold the potatoes to the defendant he familiarized himself with the state of the market in potatoes, and in reply to the question, "Did you while you were in Worcester?" said, "I did. That was practically the first thing I did, I went around familiarizing myself by asking the dealers the prices of potatoes that they offered to jobbers, the Aroostook potato;" and that he was

familiar with the terms and terminology of the potato trade. The witness was allowed to testify. *Held*, that

(1) All the evidence material to the finding of the qualification of the witness being in the bill of exceptions, the decision of the judge was reviewable;

(2) The witness was qualified by a general experience in the potato trade which enabled him to apply the information, obtained by him on inquiring from jobbers and from following the market, to the determination of the market value of the potatoes which he sold to the defendant.

CONTRACT upon an account annexed for $463.47, a balance alleged to be due upon the purchase price of potatoes. Writ dated December 13, 1919.

In the Superior Court, the action was tried before *Burns*, J. Material evidence and an exception saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum claimed by him; and the defendant alleged exceptions.

The case was submitted on briefs.

*G. R. Stobbs & H. H. Hartwell*, for the defendant.

*C. T. Tatman*, for the plaintiff.

PIERCE, J. This is an action of contract to recover a balance alleged to be due on the sale price of a quantity of potatoes, shipped by the plaintiff to the defendant from Maine to Worcester, some of which on arrival were found to be "scabby and rotten." One Staples, a witness for the plaintiff, had been sent from Maine to Worcester to inspect, sort and dispose of the potatoes. He testified that, acting in behalf of the plaintiff, by agreement with the defendant the potatoes were sorted by him and a sorter employed by the defendant; and that the satisfactory potatoes, after sorting, were sold to the defendant at $1.44 per bushel, freight and demurrage deducted. The real matter in issue was whether the potatoes were sold to the defendant or were being handled by him on a commission basis. The jury found for the plaintiff for the amount declared upon in the account annexed to the plaintiff's declaration with interest.

During the trial the plaintiff offered and the trial judge received, subject to the defendant's exceptions, the testimony of the witness Staples as to the market value of potatoes in Worcester at the time of the alleged sale. The only question presented by the bill of exceptions is whether the decision of the judge upon the preliminary question of the qualification of the witness to testify as an expert was erroneous.

The decision of the judge is reviewable as all the evidence material to the issue raised is contained in the bill of exceptions. *Foster* v. *Mackay,* 7 Met. 531, 537. *Ames* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 304. *Hasey* v. *Boston,* 228 Mass. 516.

At the preliminary hearing the evidence disclosed that the vocation of Staples was that of a paper hanger and painter; that as such he had worked for the plaintiff and had not been in the potato business since 1914; that he had bought and sold potatoes in the years 1913 and 1914 and had raised some in 1914; that between 1914 and 1919, when he "made this transaction" with the defendant, he had not raised, bought nor sold potatoes; that at the time he sold the potatoes to the defendant he familiarized himself with the state of the market in potatoes, and in reply to the question "Did you while you were in Worcester?" said "I did. That was practically the first thing I did, I went around familiarizing myself by asking the dealers the prices of potatoes that they offered to jobbers, the Aroostook potato." He further testified, in substance, that he was familiar with the terms of the potato trade, that he knew what was meant when he was told the price of different grades of potatoes, merchantable potatoes, No. 1 and seconds, and that he followed the market for some weeks after this transaction. The witness was then permitted to testify what was the fair market price at the time of his being in Worcester of the potatoes of the quality "these were in these cars after assorting."

The defendant contends upon the reported facts that the witness was not qualified and should not have been permitted to give the market price of potatoes in Worcester from any knowledge of such price which was based upon information acquired by asking the price of potatoes from jobbers, because such evidence is obnoxious to the hearsay rule. He recognizes that in Massachusetts, and in many jurisdictions, a witness may be qualified to testify to market values although the evidence rests on hearsay, but contends that this is so because the witness gives to the inadmissible sources the sanction of his general experience, which is lacking in the testimony of the witness in the case at bar. *Whitney* v. *Thacher,* 117 Mass. 523. *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257, 259. Assuming the rule of qualification to be no broader than it is argued to be by the defendant, we think the evidence established

that the witness had a general experience in the potato trade which enabled him to apply the information, obtained by him on inquiring from jobbers and from following the market, to the determination of the market value of the potatoes which he sold to the defendant. *Whitney* v. *Thacher, supra. National Bank of Commerce* v. *New Bedford, supra. Johnson* v. *Lowell,* 240 Mass. 546. *Thatcher* v. *Kaucher,* 2 Col. 698, 702. *Armour & Co.* v. *Ross & Barfield,* 110 Ga. 403. *Hudson & Co.* v. *Northern Pacific Railway,* 92 Iowa, 231.

*Exceptions overruled.*