ABRAHAM L. GLOVIN *v.* EAGLE CLOTHING COMPANY, INCORPORATED.

Suffolk.   November 12, 1923. — January 2, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Corporation*, Officers and agents.   *Agency*, Ratification of acts of agent.   *Bills and Notes*.   *Evidence*, Affecting credibility, Competency.   *Witness*.

The by-laws of a corporation gave authority to sign negotiable promissory notes exclusively to its treasurer and gave no authority to its president so to act.   By express vote of its directors, a certain bank was authorized and instructed to honor checks drawn on it in the name of the corporation and bearing the signature of the president.   The president signed all checks for the defendant and made deposits for it in the bank.   There were but few people interested in the corporation, and the president and the secretary were the persons active in its affairs.   As a result of a conversation between those active in the conduct of its business, the president went from Boston to New York and borrowed $1,000 from one to whom he gave a note of the corporation signed in its name by him.   The money so borrowed was deposited in the corporation's account at the bank and the note was carried on the corporation's books as one of its obligations.   In an action by the payee of the note against the corporation, there was a verdict for the plaintiff.   *Held*, that

(1) While the president had no express authority to issue the note, the evidence warranted a finding that his acts in securing the loan and executing the note were ratified by the managing officers of the defendant;

(2) It would not have been proper to order a verdict for the defendant.

After the borrowing of the money and the delivery of the note in the circum-

stances above described, the president sold his stock in the corporation to another and at the trial of the action the defendant offered to prove, to affect the credibility of the president who had testified in support of the claim of the plaintiff, that the president had insisted that the person to whom he had sold his stock should guarantee the accounts which the president had been personally responsibile for contracting, that four accounts were mentioned, but that the claim on the note in suit was not so mentioned, although at that time the note was overdue. The evidence was excluded. *Held,* that the exclusion of the evidence was a proper exercise of judicial discretion.

CONTRACT upon a promissory note for $1,000, dated July 9, 1921, payable to the order of Abraham L. Glovin and signed " Eagle Clothing Co., Inc., by David H. Davidoff, Pres." Writ dated December 7, 1921.

In the Superior Court, the action was tried before *Morton,* J. After the witness Davidoff, referred to in the opinion, had testified to the circumstances under which the note which was the basis of this action was given and the money received and placed to the credit of the defendant, the defendant in cross-examination sought to bring out and offered, " as affecting his credibility, a question which would bring out . . . that he insisted as a condition of his selling out his interest and the withdrawing from the corporation, that Mr. Goldberg, to whom he was selling his interest, should guarantee the accounts which he had been personally responsible for contracting. That he mentioned four accounts aggregating about $480, but no mention at that time was made of this alleged thousand dollar note due to his uncle, which was at that time twenty days overdue."

Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that the trial judge order a verdict for the defendant. The motion was denied. The defendant then asked that the trial judge rule as follows: " There is not sufficient evidence to control the provision of the by-laws as to the requirement that the promissory note shall be signed by the treasurer." The trial judge refused so to rule and " instructed the jury in substance that under the by-laws the president had no authority to sign a note and no express authority by the board of directors had been shown, but instructed the jury upon the law of

ratification and left it to the jury to determine whether or not the act of Davidoff, if the jury found that the defendant had received $1,000 from the plaintiff, had been ratified by the defendant so as to make it binding on the defendant."

The jury found for the plaintiff in the sum of $1,032.50. The defendant alleged exceptions.

*O. Storer*, for the defendant.

*L. Goldberg*, for the plaintiff.

CROSBY, J. This is an action on a promissory note for $1,000, payable to the order of the plaintiff and signed " Eagle Clothing Co., Inc., by David H. Davidoff, Pres." The defendant admits that it is a corporation and that Davidoff was its president in July, 1921, when the note was executed and delivered to the plaintiff. The by-laws of the corporation in part are as follows: " Except as otherwise provided by these by-laws or by vote of the board of directors, the treasurer shall have the sole and exclusive right and power to make, sign, endorse and accept for and in the name and behalf of the corporation, promissory notes, drafts and checks, and then only in the regular course of its business."

The note in question was payable at the Commonwealth Trust Company in Boston, which company, by express vote of the directors of the defendant corporation, was authorized and instructed to honor checks drawn in the name of the defendant on the trust company bearing the signature of the president of the defendant.

There was evidence tending to show that the corporation was a close one in which few persons were interested and most of whom were actually engaged in the management of its business. Davidoff, the president of the corporation, testified that he and Isaac Wolf, husband of Esther Wolf, the secretary and a stockholder, were the persons active in the affairs of the company, and that he (Davidoff) signed all the checks for the defendant and made the deposits in its account in the bank. He further testified that there was a conversation between those active in the conduct of the business, relative to borrowing money, as a result of which he went to New York, saw the plaintiff, borrowed $1,000

from him, and on July 15, 1921, returned to Boston; that on the same day he deposited to the defendant's account in the trust company the $1,000 so borrowed. There was also evidence that the note in question was carried on the books of the defendant as an obligation of the company under the heading " List of loans payable."

While under the by-laws the authority to sign notes was vested exclusively in the defendant's treasurer, and no express authority was conferred on its president so to act, yet there was ample evidence to warrant a finding that the corporation, acting through its managing officers, ratified the acts of the president in securing the loan of $1,000 from the plaintiff and in executing in its name a note for that amount. A verdict could not properly have been ordered for the defendant; whether the act of Davidoff, as president, in signing the note was ratified by the corporation was a question of fact to be determined upon all the evidence and the fair inferences to be drawn therefrom. *Nims* v. *Mount Hermon Boys' School,* 160 Mass. 177, 182. *Beacon Trust Co.* v. *Souther,* 183 Mass. 413, 417. *North Anson Lumber Co.* v. *Smith,* 209 Mass. 333, 338. *Albiani* v. *Evening Traveler Co.* 220 Mass. 20.

The decision in *Murray* v. *C. N. Nelson Lumber Co.* 143 Mass. 250, relied on by the defendant, is not at variance with the conclusion here reached; in that case the issue whether there was sufficient evidence of ratification was not considered; the only question decided being whether the instructions given by the trial judge were correct.

In October, 1921, Davidoff sold his stock in the corporation to one Goldberg and thereafter ceased to be connected with the company. The defendant offered in evidence, to affect the credibility of Davidoff, copy of an agreement signed by Goldberg in which the latter was to pay four accounts therein referred to and due from the defendant; this evidence was excluded subject to the defendant's exception. Neither of the parties to this action was a party to the agreement; it related to a matter not involved in the present suit; and it is difficult to see that it had any bearing whatever upon the credibility of the witness. If this agreement,

or the question put to Davidoff on cross-examination respecting Goldberg's promise to pay the four accounts referred to, might have affected the credibility of the witness, its admission was within the sound discretion of the presiding judge. *Jennings* v. *Rooney*, 183 Mass. 577, 579. *Fisher* v. *Ford*, 232 Mass. 56.

*Exceptions overruled.*