PATRICK DWYER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. July 1, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Exceptions: whether error harmful. *Witness,* Cross-examination. *Evidence,* Materiality, Competency.

At the trial of an action of tort for personal injuries, after an investigator in the employ of the defendant had testified that he saw an important witness, called by the plaintiff, relative to the accident to the plaintiff, that he received from such witness a statement in writing of his observation and knowledge touching the cause of action and that he left no copy of the paper with that witness, he was permitted, subject to exception by the defendant, to be asked on cross-

examination if he did not think it would be "a good thing" or "the fair thing to do" to give to such person a copy of what was written so that he would know what he had said, and whether the witness thought, if he had given a statement in 1924 and not seen it until 1929, he would be likely to remember everything said after the lapse of so long a time, and answered to each question, "I don't know." There was a verdict for the plaintiff. *Held*, that

(1) The questions had no bearing upon any issue on trial, not even the credibility of the witness, and the judge exceeded the proper limits of his discretion in admitting the questions in cross-examination;

(2) The answers were of such nature that the error did not injuriously affect the substantial rights of the defendant.

At the same trial, subject to exception by the defendant, the conductor in charge of a street car involved in the accident was required to answer in cross-examination a question, whether he thought it was singular that the motorman and he should agree in their testimony as to the rate of speed of the car, and the answer was in the negative. *Held*, that, while it would have been a wiser exercise of discretion to exclude this question, the defendant was not harmed by the reply given and it could not rightly be held that the discretion of the trial judge concerning cross-examination was abused.

TORT for personal injuries. Writ dated May 11, 1927.

In the Superior Court, the action was tried before *D. T. O'Connell*, J. Material evidence and exceptions saved by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $10,000. The defendant alleged exceptions.

The case was submitted on briefs.

*R. L. Mapplebeck*, for the defendant.

*W. B. Keenan & J. A. Treanor, Jr.*, for the plaintiff.

RUGG, C.J. This is an action of tort whereby the plaintiff seeks to recover for personal injuries caused, as he alleges, by being struck by one of the defendant's cars through the negligence of its servants or agents. A verdict was rendered for the plaintiff. The exceptions relate solely to evidence. Other aspects of the case need not be considered.

An investigator in the employ of the defendant testified that he saw an important witness, called by the plaintiff, relative to the accident to the plaintiff, and that he received from such witness a statement in writing of his observation and knowledge touching this cause of action,

and, that he left no copy of the paper with that witness. He was then asked on cross-examination if he did not think it would be "a good thing" or "the fair thing to do" to give a copy of what was written to such a person so that he would know what he had said, and whether the witness thought, if he had given a statement in 1924 and not seen it until 1929, he would be likely to remember everything said after the lapse of so long a time. These questions were admitted subject to the exception of the defendant, and the witness answered to each "I don't know." The questions ought not to have been asked and the witness ought not to have been required to answer them. They had no bearing upon any issue on trial, not even the credibility of the witness. The tenor of the questions was derogatory to the witness. Notwithstanding the broad discretion vested in the trial judge respecting cross-examination, proper limits were exceeded. But the answers were of such a nature that we deem that the error has not injuriously affected the substantial rights of the defendant.

The conductor in charge of the car in question was required to answer the question whether he thought it was singular that the motorman and he should agree in their testimony as to the rate of speed of the car, and the answer was in the negative. It would have been a wiser exercise of discretion to exclude this question, but the defendant was not harmed by the reply given and it cannot be rightly held that the discretion of the trial judge concerning cross-examination was abused.

*Exceptions overruled.*