BERNARD F. SACKS *vs.* MAUDE B. McKANE & another.

Worcester.    September 27, 1932. — November 1, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Practice, Civil,* Appellate Division. *Sale,* Conditional. *Real or Personal Property. Evidence,* Competency; Opinion: expert. *Witness,* Expert.

Where, after the judge of a district court had disallowed a draft report to the Appellate Division and the report had been established upon a petition to the Appellate Division, the party presenting the draft report contended that the indorsement of the trial judge upon the request for report, disallowing it, was not a performance of his duty

under Rule 29 of the District Courts (1922) in that the indorsement lacked proper specifications, this court, upon comparison of the draft report with the report established by the Appellate Division, were of opinion that the party claiming the report suffered no prejudicial harm by the refusal of the Appellate Division to remand said draft report to the trial judge "with instructions to specify succinctly all the foregoing alleged defects for use by" the Appellate Division.

At the trial of an action of tort, brought by the vendor of an oil burner by conditional sale for its conversion by one who purchased the dwelling in which it was installed from the purchaser at a foreclosure sale of a mortgage existing on the dwelling at the time of the conditional sale, there was evidence warranting findings that the parties to the contract of conditional sale never intended that the oil burner should become part of the real estate, that the burner and tank could easily be removed by unscrewing the union at each end and that everything in connection with the burner could be removed with the exception of a pipe under the cellar floor without in any way disturbing the house, and that the defendant, before he purchased the dwelling, had notice of the plaintiff's claim to the burner; and that the defendant had refused to recognize a right in the plaintiff to remove the burner after default under the contract of conditional sale; and it was *held*, that a finding for the plaintiff was warranted.

The trial judge who heard the action above described having found that an action by the plaintiff against the wife of the original vendee of the oil burner, upon which the defendant relied to prove lack of title in the plaintiff, was not for the purchase price of the burner in question, requests by the defendant for rulings relating to that action and its legal effect upon the plaintiff's title properly were dismissed.

The record disclosed no error in a finding by the trial judge, at the trial of the action above described, that a witness, offered as an expert on the value, at the time of the conversion, of the oil burner alleged to have been converted, was not qualified to testify as an expert on that question.

Upon the record, a finding by the judge hearing the action above described, that the value of the oil burner alleged to have been converted was the same on the date of the conversion as was the purchase price named in the contract of conditional sale about a year and four months before such conversion, was *held* not to have been shown to have been wrong as a matter of law.

Tort for conversion of an oil burner. Writ in the Central District Court of Worcester dated June 15, 1931.

Material evidence at the hearing in the District Court by *Wall*, J., findings by the judge and proceedings relating to a draft report and the establishment of a report by the Appellate Division for the Western District are described in the opinion.

There was a finding for the plaintiff in the sum of $550.

The Appellate Division ordered the report which it established dismissed. The defendants appealed.

F. W. Morrison, for the defendants, submitted a brief.

H. R. Sher, for the plaintiff.

PIERCE, J. This is an action of tort wherein the declaration alleges "that the defendants converted to their own use an oil burner belonging to the plaintiff to the value of $550." The answer is a general denial.

The case was heard by a judge of the District Court. The evidence tended to prove that on November 26, 1929, the plaintiff and one George N. Jefferson entered into a written contract (copy of which was introduced in evidence and, without the signatures, appears in the record) for the sale of an oil heater and its installation in premises known as the Saunders Mansion, owned by said George N. Jefferson and his wife Mary E. Jefferson, for the "Total amount" of $550.

It was agreed by the parties that the contract was not recorded in accordance with the terms of G. L. c. 184, § 13; that said George N. Jefferson died on March 12, 1930, and that the consideration named in said contract, namely, $550, had never been paid to the plaintiff.

By the terms of the contract "It is mutually agreed and understood that title to the complete equipment or any part thereof shall not pass to the purchaser until the full purchase price has been paid. That in the event that the purchaser shall be in the default in any payment specified in this contract the remaining balance shall immediately become due and payable and that the WORCESTER OIL BURNER COMPANY may, if it so elects, repossess said equipment and retain any payment made thereon as a rental for the use of the equipment."

"For the plaintiff there was evidence tending to show that the equipment called for in said contract was installed in accordance with the terms of said contract; . . . that the installation included a thermostat, regulator, safety controls and a so called 'gun' type light fuel oil burner; that the burner proper was attached to and connected with the reservoir oil tank fifteen or twenty feet away by a three-

eighths inch pipe which ran from the tank to the burner and was covered with cement along the cellar floor; that the tank, connecting pipe and burner were connected by unions which were attached and could be detached by the use of proper tools, but such detachment would prevent any operation of the burner; that the contract was an entire contract and that no part of the consideration was therein allocated specifically to any particular part of the equipment or the installation cost; that the detachment of the burner proper would do no damage to the real estate." It was in evidence that at the time the conditional sale contract of November 26, 1929, was executed the premises called Saunders Mansion were subject to a mortgage to the Millbury Savings Bank. The mortgage was foreclosed by sale to the mortgagee bank; the deed bears date as of February 19, 1931. On February 20, 1931, the Millbury Savings Bank entered into an agreement with the defendants for the sale of the foreclosed property free from all encumbrances. On March 30, 1931, the defendants received a warranty deed from the bank and moved into the house in May, 1931.

There was evidence for the plaintiff that, sometime in February, 1931, learning that the defendants were contemplating the purchase of the mansion, he notified them that the oil burner was his property under the terms of the written contract and had not been paid for. The evidence for the defendants tended to show that the plaintiff did not notify them that the title to the oil burner was in him prior to the date of the deed, March 30, 1931. The evidence for the plaintiff tended to prove that on March 30, 1931, "he went to said mansion, saw the defendant Maude B. McKane and told her he had come to take away the oil burner; that she refused to allow him so to do but that he disconnected the burner proper and carried it to the back stairs of the cellar of said mansion when the defendant Maude B. McKane refused to allow him to remove it; that he did not at that time remove the tank or any other parts of the equipment but stated that he would later come and remove them; that later in the same day he saw the defendant

James McKane and advised him of his ownership and of his intention to remove the property and was refused permission by him." Respecting the contradiction between the plaintiff's and the defendants' testimony as to the defendants' knowledge that the plaintiff claimed to hold title to the oil burner installed in the said mansion under the terms of a conditional sale, and more specifically as to when the defendants acquired that knowledge, the judge in his findings stated that the parties (to the conditional sale agreement) "never intended that the oil burner should become part of the real estate, and . . . that the defendants had knowledge before the purchase of the real estate that the plaintiff claimed title to the oil burner."

At the trial there was evidence for the defendants on the part of said Mary E. Jefferson to the effect that the plaintiff demanded that she pay for the oil burner; that she had no business whatever with the plaintiff or his attorney about any other burner or merchandise; that her husband died on March 12, 1930, and that "she was sued on May 13, 1930, for the burner." The writ in the case at bar is dated June 15, 1931. The records and files in the case against Mary E. Jefferson were offered in evidence by the defendants as tending to prove that the title to the oil burner was not in the plaintiff at the commencement of the pending action. The declaration in the case against Mary E. Jefferson was for $650 for merchandise sold and delivered by the plaintiff to the defendant. The case went to judgment on default and an execution issued against the said defendant on July 8, 1930, for $665.82; that judgment is still unsatisfied and was offered in evidence. Mary E. Jefferson testified in the case at bar that she had not transferred her title or right to possess said Peerless burner since said judgment. There was evidence in rebuttal by the plaintiff that his action against Mary E. Jefferson was for a pot type gas burner which she purchased for $155, and that the pot type burner took the place of an Oxo-Gas burner which had been installed by another person. As respects the contention of the plaintiff above outlined the trial judge made the following finding: "I can not find.

that the suit brought by the plaintiff against Mary Jefferson in 1930 was brought for recovery of the price from Mary Jefferson for this particular oil burner since there was evidence of another transaction between the plaintiff and the Jeffersons.''

It may be said in passing that the record contains no evidence that Mary E. Jefferson was a party to the written conditional contract for the sale of the oil burner and its equipment. It follows that no title to the oil burner and equipment could have vested in her had she satisfied the judgment in the action against her, and that the conditional vendor was not estopped by his action against her from asserting title and the right of immediate possession in himself to the oil burner against all the world.

At the hearing before the trial judge the defendants called a heating engineer who described the oil burner as he saw it January 26, 1932. The defendants' counsel put to the witness the following question: ''What was the fair market value of the oil burner you saw at the Saunders Mansion last Tuesday on March 30, 1931, assuming it was on that date in substantially the same condition as when you saw it?'' The question was excluded and the defendants claimed a report to the Appellate Division. The defendants then offered to prove by this witness that he was a heating engineer of sixteen years' experience; that he had kept himself posted on the market price of the various types of oil burners since they began to appear on the market, less than fifteen years ago; that he helped perfect, as a heating engineer, one of the original burners; that the oil burner in question had no market value on March 30, 1931, or upon any subsequent date, and with the tank and all equipment connected with the installation at the Saunders Mansion would have a trade-in value of not more than $40 or $50, when he saw it or in March or April or May, 1931; that he is familiar with the second hand value and trade-in value and market value of various types of second hand oil burners, but has not actually bought or sold a Peerless because that type has been out of production for eight years; that he is the leading engineer of one of the

largest dealers in the installation of heating plants and equipment in the county of Worcester, and is constantly engaged in estimating and installing heating plants throughout said county; that it is his business to make estimates and compute the costs of installation of heating plants, including oil burners of various types, and he is constantly employed at that work and has had charge of many heating plants of different designs and been so engaged throughout the entire period during which oil burners, so called, have been developed. The offer of proof was objected to by the plaintiff, was excluded by the trial judge, and the defendants claimed a report to the Appellate Division.

Before final argument and at the close of the trial the plaintiff and the defendants each made requests for rulings which are set down in the record. The trial judge disposed of the defendants' requests in the following manner: "I decline to give the ruling requested by the defendant in request number 1 and 2. I rule as requested by the defendant in request number 3, but can not apply the ruling in the case at bar because it is inconsistent with the finding upon the evidence. I decline to rule as requested in defendant's requests numbered 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14, as they are inconsistent with the finding made upon the evidence. I rule as requested in defendant's request number 15." The trial judge states: "Upon all the evidence I find that the plaintiff did instal the oil burner here in question in the Saundersville Mansion. I find that the parties never intended that the oil burner should become part of the real estate, and I find that the defendant had knowledge before the purchase of the real estate that the plaintiff claimed title to the oil burner, and I find as a fact that the oil burner, tank and equipment with the possible exception of the pipes under the cellar floor, did not become part of the real estate but remained personal property. I find that the plaintiff made a demand for the burner before the purchase of the property was complete and after the purchase was completed, and permission to remove the oil burner was refused by the defendants. I

find that the fair value of the oil burner in question at the time of the demand upon the defendants was $550."

The defendants filed the request for report which follows: "Now come the defendants in the above entitled action and say that at the trial of said action they duly filed certain requests for rulings of law, which requests for rulings are on file; that the court denied numbers 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 and granted numbers 3 and 15 but refused to apply to this case the law therein stated; and that the plaintiff duly filed certain requests for rulings of law which requests for rulings are on file; that the court granted requests number 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15; and the defendants claiming to be aggrieved thereby ask that the same be reported to the Appellate Division for determination. And the defendants say that at the trial of said action they duly tendered two certain offers of proof, which required rulings of law, and which offers of proof were written out and handed to the court and are now on file, and that the court then and there refused to accept said evidence to which refusal the defendants then and there duly excepted and claimed a report to the Appellate Division in order to secure a review of said rulings of said court on said offers of proof, and that the defendants immediately after said trial filed with the clerk a written request for a report on the exclusion of said offers of proof, claiming to be aggrieved thereby, and asking that the same be reported to the Appellate Division for determination in accordance with" Rule 28 of the District Courts (1922), "and now as of right claim said report." The trial judge indorsed on the defendants' request for report: "Disallowed after hearing. (Not in proper form and evidence not properly and correctly stated.)" On the petition to establish the report the Appellate Division found that the report as established contained all the evidence material to the questions reported, and reported the same to the Appellate Division for determination.

Thereafter the report came before the Appellate Division. Prior to the hearing on the petition the defendants presented to the presiding judge, and thereafter to the Appel-

late Division, a motion that their petition to establish a claim of report be allowed on the following grounds: "1. In disallowing the draft report the trial judge stated it was 'not in proper form' without specifying any formal defects therein. 2. In disallowing said draft report the trial court stated that the 'evidence' was 'not properly stated' without specifying in any particular the alleged improper statement of the evidence. 3. In disallowing said draft report the trial court stated that the 'evidence was not correctly stated' without indicating in any degree wherein the statement of evidence was incorrect. WHEREFORE the draft report filed by the defendants should as matter of law be forthwith established and the defendants' petition to establish the same be forthwith allowed or in the alternative said petition to establish said draft report should be referred back to the trial justice with instructions to specify succinctly all the foregoing alleged defects for use by this court." This motion was disallowed by the presiding judge and by the "full bench" of the Appellate Division. Assuming without decision that the indorsement of the trial judge upon the request for report was not a performance of his duty under Rule 29 of the District Courts (1922) as interpreted in *Patterson* v. *Ciborowski*, 277 Mass. 260, upon comparison of the draft report with the report of the Appellate Division we are of opinion the defendants suffered no prejudicial harm by the refusal of the Appellate Division to refer back said draft report to the trial judge "with instructions to specify succinctly all the foregoing alleged defects for use by this [the Appellate] court."

Upon the facts as established by the Appellate Division the defendants raise by their requests for rulings the following questions: (1) Do the provisions of G. L. (Ter. Ed.) c. 184, § 13, apply to the case at bar? (2) Did the warranty deed from the bank to the defendants convey to them title to the said oil burner installation? (a) Did the defendants become grantees under said deed with notice of plaintiff's claim? (3) Was there any legal evidence before the court of the value on the date of the alleged conversion (March 30, 1931) of the oil burner which (contrary

to the findings of the trial judge) became (as the defendants allege) an integral part of the heating plant along with the several items of equipment furnished under the conditional sale installation contract for $550, which was an entire and not a severable contract? (4) Did the plaintiff make an election which divested him of title to the oil burner when he sued Mary E. Jefferson for $650 for merchandise sold and delivered to her? (5) Were the offers of proof tending to qualify the defendants' expert witness erroneously excluded from consideration by the trial court? and (6) Did the court commit a prejudicial error in granting the plaintiff's request number 1: "Upon all the evidence the court should find for the plaintiff," and number 2: "Upon all the law the court should find for the plaintiff"?

Assuming the oil burner with its necessary equipment was sold on a written conditional sale contract to George N. Jefferson, that said contract was signed by said Jefferson and the plaintiff, that the oil burner and equipment were subsequently wrought into or attached to real estate, that the attachment and incorporation of the said personal property became effective after a mortgage of the real estate by George N. Jefferson and Mary E. Jefferson to the Millbury Savings Bank, that personal property so attached became as between the mortgagors and mortgagee a part of the realty in the absence of an agreement by the bank that it should remain personal property and as such passed to the grantee of the mortgagee upon sale of the real estate under a power of sale, *Clary* v. *Owen*, 15 Gray, 522, *Hunt* v. *Bay State Iron Co.* 97 Mass. 279, 284, *Waverley Co-operative Bank* v. *Haner*, 273 Mass. 477, it is plain the defendants as purchasers of the legal title sold by the mortgagee under the power of sale took all rights which the mortgagors had, and that their rights as purchasers were not affected by knowledge of the conditional sale agreement or of the claims of the conditional vendor thereunder. G. L. (Ter. Ed.) c. 184, § 13, has no application to a mortgage in existence when by attachment, or otherwise, personal property becomes realty. *Commercial Credit Corp.* v. *Gould*, 275 Mass. 48.

The basic question for decision upon the facts and law

in the case at bar is, Did the oil burner when installed become a part of the realty by reason of the mode of its attachment or did it remain personal property, removable at the pleasure of the mortgagor or, in certain circumstances, at the will of the conditional vendor? Whether the oil burner was wrought into or attached to the real estate or whether it retained its character as personal property is a question of mixed law and fact. See *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48, and cases cited at page 52. On the facts the trial judge found "that the parties [the conditional vendor and vendee] never intended that the oil burner should become part of the real estate . . ." and "that the burner and tank could easily be removed by unscrewing the union at each end and that everything in connection with the burner could be removed with the exception of the pipe under the cellar floor without in any way disturbing the house." The finding of fact is supported by the record, and a different finding was not required as matter of law.

We are of opinion that as the action against Mary E. Jefferson did not involve the oil burner, as the trial judge found, the defendants' requests relating to that action and to its legal effect upon the title of the conditional vendor (the plaintiff) were denied rightly. As respects the exception of the defendant posited upon the complaint that the trial judge refused to accept or consider evidence tending to establish the witness's qualifications as an expert, on the record we think the position of the judge was, not that he refused to receive the evidence of qualifications, but that, assuming the truth of the facts offered, the witness was not qualified as an expert. The qualification of a witness as an expert is a preliminary question of fact for the judge and his decision ordinarily is conclusive. In this instance we find no legal error. The finding of the trial judge as to the value of the oil burner was not wrong as matter of law.

We have considered the entire record and find no error of prejudicial importance requiring a new trial. The entry must be

*Order dismissing report affirmed.*