Wilson, J.
— This is an action of contract in which the plaintiff seeks to recover $50.00, which he had deposited with the defendant as a. bond for the performance of a written contract of employment of the plaintiff by the defendant. The answer was a general denial and a special answer setting up said contract. The court found for the plaintiff.
There was evidence tending to show that the defendant was a corporation engaged in the business of manufacture and sale of ice cream with its principal office in Boston, but maintaining a branch office in several cities, including Salem, where one Sussman was the local manager; that the plaintiff entered into a written contract with the defendant as a driver and salesman. Sussman conducted all negotiations with the plaintiff, but the contract was signed in behalf of the defendant by the assistant treasurer at the main office of the defendant in Boston. The sum of $50.00 was deposited by the plaintiff as a cash bond to cover his written obligation to account for all merchandise entrusted to him for sale and to be responsible for all damage done to the automobile *342 truck of the defendant operated by him. The plaintiff began his employment in April 1936 and worked steadily until September 17, 1936. During April, two small mistakes occurred in the plaintiff’s accounts, which were called to his attention and corrected. During August 1936, while the plaintiff was in possession of the defendant’s truck and engaged in the defendant’s business, said truck was in collision with another automobile and was damaged, amounting to $450.00. The defendant had the truck repaired at its own expense.
The plaintiff was permitted to testify that on the morning-after the accident, he talked with said Sussman as follows: “I said I was worried about my bond. He said the accident was no fault of mine and I would get my bond if I would stay and finish out the season in their employ.” To this testimony the defendant objected on the ground that the manager had no authority to make such agreement, and seasonably claimed and filed a report from the ruling of the trial judge admitting the same. The plaintiff was discharged about September 17, 1936, and the defendant refused to refund any part of the sum of $50.00 deposited with it by the plaintiff.
The clause of the contract pertinent to the present issue was:
“The Distributor (meaning the plaintiff) further agrees to be responsible for any damage to said truck while the same is in his posession and/or control * * *
“All damages to the said truck received while in the custody or control of said Distributor (meaning the plaintiff) or any of his employees or agents shall be repaired by or under the supervision of Simco, but shall be charged exclusively to said Distributor, and deducted from the said cash bond deposited by him.”
*343 Both parties seasonably filed requests for rulings, none of which are now'material. The sole issue now being whether the trial, judge erred in admitting said evidence and ruling as he did that the. defendant’s right to withhold the amount of the-bond because of the damage to said truck, ‘ ‘was waived by the defendant’s manager who had sufficient authority to do so.”
In Hosher-Platt Co. v. Miller, 238 Mass. 518, 523, the court said:
‘ ‘ The power of an agent to cancel a contract of his principal, cannot ordinarily be inferred from a general authority to make the contract.” Paige v. Stone, 10 Met. 160. Craig Silver Co. v. Smith, 163 Mass. 262, 269. Saunders v. Whitcomb, 177 Mass. 457, 466. Williams v. Dugan, 217 Mass. 526. See also Eastern Advertising Co. v. Standard Nut Co., Inc., 264 Mass. 238, 241. Boynton v. Lynn Gas Light Company, 124 Mass. 197. Leverone v. Arancio, 179 Mass. 439, 443. Boston Food Products Co. v. Wilson & Co., 245 Mass. 550, 561. (Cases cited.)
There was no evidence in the case at bar of any express authority given by the defendant to Sussman to waive the provisions of the plaintiff’s agreement. While it is true that authority of an agent of a corporation may be inferred from the conduct of its officers, or from their knowledge and neglect to make objection (see Sherman v. Fitch, 98 Mass. 59, 64), there is no evidence here upon which it could be found that the corporation had accepted the arrangement, so that the act of Sussman in attempting a modification of the plaintiff’s contract could become a question of fact to be determined upon contradictory oral evidence. Glavin v. Eagle Clothing Mfg. Co., 247 Mass. 215, 218.
It was said in Wasserman v. Cosmopolitan Trust Company, 252 Mass. 253, 256: “The ostensible powers of an agent are his real powers.”
*344 In the case at bar, Sussman was an agent of limited authority. This is clearly shown by the fact that there were a number of branches, by the fact of the smallness of the Salem branch office, and by the fact that although he could negotiate a contract with a “distributor,” the binding contract required the signature of an officer of the company. The daily reports of the plaintiff were also forwarded for final checking to the main office of the defendant.
The instant case does not fall within that class of cases where the agent openly and without objection or question acted generally in connection with the same or similar matters. Irwin v. Worcester Paper Box Company, 246 Mass. 453.
It seems to us that the trial court erred in ruling that Sussman had authority to waive the provisions of the contract between the plaintiff and defendant. That ruling was error, prejudicial to the defendant’s rights.
The finding for the plaintiff is set aside and judgment will be entered for the defendant. G. L. (Ter. Ed.) chapter 231, sections 110-124. Andrade v. Hanley, 289 Mass. 335, 337.