*Southern District*

No. ...........

## MARSHALL PAPER TUBE CO.
### v.
## DeMATTEO CONSTRUCTION CO.

*Present:* Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Taylor, J.,* in the District Court of East Norfolk. No. 8686.

*Sgarzi, J.* This is an action of tort in which the plaintiff seeks to recover for damages allegedly caused to its premises by certain blasting operations conducted by the defendant. At the trial the defendant sought to qualify a witness as an expert. On the preliminary hearing as to his qualifications the witness testified that he had been a contractor for twenty-five years and an insurance appraiser for twelve years. Several years before he had had experience in blasting and had supervised blasting for others for seven years. He had made from 1200 to 1500 appraisals of damages to buildings and 300 appraisals of damages to buildings allegedly caused by blasting. He further testified that he had wide experience in adjusting claims for damages allegedly caused by blasting and about a year before had testified as an expert on building damage resulting from blasting.

The trial judge *refused* to qualify the witness as an expert in the field of blasting engineering and determining the effect of blasting with explosives on surrounding areas but did allow him to testify as to the cost of repairing the damage which he observed upon his examination of the premises of the plaintiff. Upon the exclusion of a question calling for the opinion of the witness as to whether or not the damage which he observed had

been caused by blasting, the defendant duly requested a report.

The qualifications of an expert must be determined by the trial judge as a preliminary question of fact. *Shaw v. Keown,* 243 Mass. 221; *Sacks v. McKane,* 281 Mass. 11. His decision in such matters is ordinarily regarded as conclusive and is disturbed only in the rarest of cases. *Muskeget Island Club v. Nantucket,* 185 Mass. 303; *Old Silver Beach Corp. v. Falmouth,* 266 Mass. 224; *Muzi v. Commonwealth,* 335 Mass. 101.

In the instant case we cannot find that the qualifications offered by the defendant's witness showed sufficient knowledge of the effect of blasting in the transmission of force and energy through the earth or the atmosphere to qualify him as an expert in this field as a matter of law. The refusal of the judge to so qualify him and to admit into evidence the proferred question therefore shows no prejudicial error.

The report also shows that on the first day of the trial, the plaintiff called as one of its witnesses its Treasurer and general manager who testified as to the fair market value of its building *before* and *after* the blasting and was thereupon cross-examined at length upon this subject and all aspects of the alleged damage. On the next day of the trial, after the defendant had presented its evidence this witness was called again by the plaintiff in rebuttal. At that time the defendant again sought to cross-examine him with regard to

the fair market value of the building *before* and *after* the blasting. The judge excluded the questions and the defendant made an offer of proof that the answers would show that the amount which was paid for the construction of the building, was a sum considerably less than the figure which the witness now gave as the fair market value.

An offer of proof is not usually required upon exclusion of a question in cross-examination since ordinarily counsel would not know what the expected answer would be. *Stevens v. Howe,* 275 Mass. 398.

In this case, even though the answer were to conform to the offer of proof, which of course cannot be certain, the inquiry was of a kind which would tend to raise collateral issues and its exclusion was well within the discretion of the judge. *Kumin v. Fine,* 229 Mass. 75.

The scope of cross examination whether it involves collateral issues or the credibility of the witness is entirely within the sound discretion of the court. *Hathaway v. Crocker,* 7 Met. 262; *Jennings v. Rooney,* 183 Mass. 577; *Fisher v. Ford,* 232 Mass. 56; *Glovin v. Eagle Clothing Co.,* 247 Mass. 215.

We do not find that the discretion of the court was exceeded in this case. *Dwyer v. Boston El. Ry.,* 272 Mass. 294.

Since we find no prejudicial error *the report is ordered dismissed.*

Allen Green of Boston, for the Plaintiff.

George L. Wainright of Brockton, for the defendant contended that:

A. The question whether a witness offered as an expert is qualified to testify as such, is to be decided by the presiding judge as a question of fact, and his decision is conclusive unless upon the evidence it appears erroneous in law. In the following cases, the judge was wrong in refusing to permit an expert to testify: *Muskeget Island Club v. Nantucket*, 185 Mass. 303; *Old Silver Beach Corp. v. Falmouth*, 366 Mass. 224; *Muzi v. Commonwealth*, 335 Mass. 101.

B. The judge based his decision entirely on the evidence of the plaintiff's expert and was wrong in depriving the defendant of an equal right. *Muzi v. Commonwealth*, 335 Mass. 101, 106.

C. It is immaterial that the record does not disclose what the witness' opinion would be. *Muskeget Island Club v. Nantucket*, 185 Mass. 303.