COMMERCIAL CREDIT CORPORATION vs. JOSEPH S. GOULD.

Suffolk.    October 9, 10, 1930. — March 3, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Sale*, Conditional.  *Mortgage*, Of real estate.  *Real or Personal Property*.  *Election*.  *Equity Pleading and Practice*, Findings by judge.

Subsequent to the giving of a mortgage upon an apartment building, the owner purchased on conditional sale refrigerating equipment therefor, consisting of a compressor, and pipes which were installed in the walls of the building to connect with refrigerators in each apartment.  The compressor, which included an electric motor and was connected with the water supply of the building for cooling purposes, rested upon a skid, was not attached to the floor and could be removed without damage to the building.  The contract of conditional sale was not recorded under the provisions of G. L. c. 184, § 13, as amended by St. 1929, c. 261.  After default by the vendee thereunder, an assignee of the vendor brought a suit in equity against the mortgagee to establish the plaintiff's right to remove from the building the refrigerating equipment, except the piping, claim to which the plaintiff waived.  The trial judge found the foregoing facts and also that it was not the intention of the vendor and vendee that the equipment should become a part of the realty and that, as between the plaintiff and the defendant, it was realty; and a final decree was entered dismissing the bill.  On appeal by the plaintiff, it was *held*, that

(1) G. L. c. 184, § 13, as amended by St. 1929, c. 261, was inapplicable as between the plaintiff and the defendant: the word "mortgagee" in that statute does not include a mortgagee under a mortgage recorded prior to the execution of the contract of conditional sale;

(2) The finding, that the refrigerating equipment, other than the piping, became part of the realty, was inconsistent with the other facts found and was unwarranted: the finding as to the intention of the vendor and vendee, which was not plainly wrong, in the circumstances required a conclusion that the refrigerating equipment, except the piping, remained personal property, title to which was in the plaintiff;

(3) The decree was reversed and a decree in the plaintiff's favor was ordered.

In the suit in equity above described it appeared that by the contract of conditional sale certain payments of $100, $750 and $1,108 were to be paid before complete installation, $928 was to be paid on completion of the work, and $3,000 in further instalments with interest; that $850 only was paid; and that the plaintiff had brought an action at law upon a note covering $4,108 of the amount still due.  *Held*,

that the bringing of such action did not constitute an election on the part of the plaintiff to treat the title as having passed to the vendee, nor bar the plaintiff from maintaining the suit in equity.

BILL IN EQUITY, filed in the Superior Court on December 19, 1929, and afterwards amended, described in the opinion.

The suit was heard by *Cox*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts found and rulings made by the judge are stated in the opinion. By his order, a final decree was entered dismissing the bill. The plaintiff appealed.

*J. G. Kelly*, for the plaintiff.

*F. L. Norton*, for the defendant.

FIELD, J. This is a bill in equity brought in the Superior Court by the assignee of the interest of the Beaudette & Graham Company as vendor under a written contract of conditional sale, executed in March, 1929, but not recorded under G. L. c. 184, § 13, whereby the vendor agreed to furnish to the vendee, the Middlesex Apartments, Inc., and install in its premises numbered 247–249 Chestnut Hill, Brighton, certain refrigerating equipment, title thereto to remain in the vendor until full payment of the purchase price, including the notes given therefor, against the mortgagee in possession of the premises in question under a duly recorded mortgage dated November 9, 1928, to enjoin the defendant from proceeding with a foreclosure sale until further order of the court, to establish the plaintiff's right to the refrigerating equipment, and to secure an order that the defendant permit the plaintiff to remove the refrigerating equipment from the premises.

The trial judge filed "findings of fact, rulings and order for decree." He found that the premises were subject to mortgage and that the refrigerating equipment was sold on conditional sale, substantially as alleged, that the refrigerating equipment was installed, but the full purchase price had not been paid, and other material facts. He found and ruled as follows: "I find and rule that the contract between the Beaudette & Graham Company and

the Middlesex Apartments, Inc., is one which comes within the provisions of G. L. c. 184, § 13. I find that the personal property . . . was wrought into in part and, as to the rest of it, attached to the real estate in the manner . . . described [in the findings]. I find and rule that all of this property, so installed in this building, comes within the rule stated in *Clary* v. *Owen,* 15 Gray 522, and *McConnell* v. *Blood,* 123 Mass. 47 "; also found and ruled, if material, that the plaintiff, by bringing an action against the Middlesex Apartments, Inc. in the Municipal Court of the City of Boston upon a certain promissory note, " made an election " which bars relief in this suit; refused " on facts found " to make certain rulings requested by the plaintiff, and ordered the bill dismissed. Later a final decree dismissing the bill with costs was entered. From this decree the plaintiff appealed. The evidence is reported.

1. As between the parties to this case the contract of conditional sale did not come within the provisions of G. L. c. 184, § 13 (now amended by St. 1929, c. 261). This statute provides that " No conditional sale of . . . [certain articles of personal property] which are afterward wrought into or attached to real estate . . . shall be valid as against any mortgagee . . . of such real estate " unless a notice thereof is recorded in the registry of deeds. The word " mortgagee " does not include a mortgagee of real estate under a previously recorded mortgage. Recording a notice of a conditional sale does not take away from such a mortgagee any rights which he would have had apart from the statute. *Waverley Co-operative Bank* v. *Haner,* 273 Mass. 477. *Greene* v. *Lampert,* 274 Mass. 386. *Abeloff* v. *Peacard,* 272 Mass. 56, is not to be regarded as authority to the contrary. For the same reason, if not for others, failure to record such a notice gives to the prior mortgagee of the real estate no rights against the conditional vendor which he would not have had apart from the statute. It is unnecessary, therefore, to consider whether refrigerating equipment is within its terms.

2. Whether as between the plaintiff, the assignee of the conditional vendor of the refrigerating equipment, and the defendant, the mortgagee of the real estate, the refrigerating equipment became a part of the realty was a mixed question of law and fact.

The trial judge found that the refrigerating equipment " was wrought into in part and, as to the rest of it, attached to the real estate " in the following manner: " There is a single building on the mortgaged premises consisting of fifty-four apartments and built in the form of two wings, in each of which are twenty-seven apartments. The refrigerating equipment consists of two complete units, each supplying twenty-seven apartments. Each unit has a compressor, so called, which is installed in the basement of the building. These compressors are not attached to the floor. They rest upon the skid upon which they are shipped and delivered to the premises. From these compressors, two small pipes one-half inch and three-fourths inch in diameter respectively run up through the partitions and walls of the building with take-offs at the several floors, upon each of which and in each apartment on which are boxes, so called, or refrigerators which are attached to the take-offs from the lines of piping by flexible copper tubing. These boxes are movable and there is enough of the flexible copper tubing so that the boxes may be moved about for some distance for the purpose of cleaning behind them. The attachment to the boxes is at their rear. The compressors are operated by electric motors which are a component part of the compressors. The compressors are water-cooled and the water pipes run from the water main to the machines, and, after the water has passed through them, it leaves by a pipe which may be extended, and which is extended in this case, to open sinks. The compressors and the boxes, so called, are of ordinary stock patterns of their type and can be easily removed from the building without any damage whatever to it. While there was testimony at the trial to the effect that the piping which runs through the walls and partitions also can be easily

removed without damage to the building, yet the plaintiff expressly waived any claim of right to remove said piping." The judge at the request of the plaintiff made the following so called ruling of law, which is in substance a finding of fact (*Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353–354), " the original vendor and the vendee did not intend that the refrigerating equipment should become a part of the realty."

The judge found and ruled that " all of this property, so installed in this building, comes within the rule stated in *Clary* v. *Owen,* 15 Gray 522, and *McConnell* v. *Blood,* 123 Mass. 47," that is, as between the mortgagee of the real estate and the conditional vendor the refrigerating equipment was real estate.

We need not consider the " piping which runs through. the walls and partitions " since the plaintiff " expressly waived any claim of right to remove said piping."

The conclusion, however, that the refrigerating equipment, other than the piping, became part of the realty was not justified. It was not consistent with the findings of fact. This refrigerating equipment, installed as found by the judge, which could " be easily removed from the building without any damage whatever to it " was not real estate as matter of law, but rather was property, the nature of which depended upon the intention of the landowner as manifested by its acts. In this respect the case falls within *Maguire* v. *Park,* 140 Mass. 21, *Jennings* v. *Vahey,* 183 Mass. 47, *Smith* v. *Bay State Savings Bank,* 202 Mass. 482, *Henry N. Clark Co.* v. *Skelton,* 208 Mass. 284, *Stone* v. *Livingston,* 222 Mass. 192, *Nickels* v. *Scholl,* 228 Mass. 205, *Automatic Sprinkler Corp. of America* v. *Rosen,* 259 Mass. 319, *Medford Trust Co.* v. *Priggen Steel Garage Co. supra.* The finding of the judge that " the vendee did not intend that the refrigerating equipment should become a part of the realty " was not plainly wrong. A contrary finding was not required by the physical facts, as in *Ferdinand* v. *Earle,* 241 Mass. 92, and the fact that the refrigerating equipment was " bought on conditional sale, even if unknown to the mortgagee, had some tend-

ency to show that the landowner did not intend . . . [it] to remain permanently." *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 354, and cases cited. This finding as to intention, therefore, required the conclusion that the refrigerating equipment was personal property, title to which was in the plaintiff until full payment of the purchase price.

3. The action brought by the plaintiff against the Middlesex Apartments, Inc. did not amount to an election of right or remedy, which bars relief in this suit.

The following facts pertinent to this branch of the case were found by the trial judge: The contract price of the refrigerating equipment was " $5,886, $100 with order; $750 when conduit and tubing is installed; $1,108 when coils, boxes and compressors are delivered; $928 upon completion of work; $3,000 in twelve equal successive monthly payments bearing interest at five per cent per annum." $850 was paid according to the contract. By a writ dated November 7, 1929, the plaintiff brought an action against the Middlesex Apartments, Inc. in the Municipal Court of the City of Boston. The declaration was in two counts, the first being on " a note of the defendant dated August 12, 1929, payable to the order of the Beaudette & Graham Company and transferred to the plaintiff, upon which it is alleged that the defendant owes the plaintiff $4,108 and an attorney's fee of $616.20." This note was on account of the conditional sale contract, corresponded " to the payments of $1,108 and $3,000 called for by said contract, and . . . does not include the payment of $928 therein called for." It provided that, " in case of any default on the part of the maker, the holder may immediately demand payment hereof and all instalments unpaid shall then become due and payable, anything to the contrary herein notwithstanding, and the maker will immediately pay the same and also the maker agrees to pay all expenses of collection including attorney's fees and disbursements." The trial judge in finding and ruling that the plaintiff had made an election by bringing this action said that " While the evidence is far from satisfac-

tory as to just why that suit is upon a note which does not seem to include the entire unpaid balance and just what has become of the claim for $928, although it appeared that it had not been paid, yet it does appear that the plaintiff has sued for all of the twelve equal, successive monthly payments of the last payment due under said contract."

It has been decided in this Commonwealth that the commencement of an action by the vendor for the whole, or the entire unpaid balance, of the purchase price of personal property sold under a conditional sale contract is " an irrevocable election to treat the transaction as a sale which passed the title." *Goullious* v. *Chipman*, 255 Mass. 623, 624–625, and cases cited. See *Butler* v. *Hildreth*, 5 Met. 49. The principle underlying the decisions is, that a right to the entire purchase price and a right to the property are inconsistent, that an election to assert the right to the full purchase price is a waiver of the right to the property, and that commencing an action for the purchase price remaining unpaid amounts to such an election, since the action is " inconsistent with the theory that the sale is not absolute." *Haynes* v. *Temple*, 198 Mass. 372, 374. *Frisch* v. *Wells*, 200 Mass. 429, 431. This principle, however, is inapplicable where an action is brought properly for a part, only, of the purchase price remaining unpaid. Such an action is consistent with " the theory that the sale is not absolute." *Haynes* v. *Temple, supra. Schmidt* v. *Ackert*, 231 Mass. 330, 332. There was nothing to prevent the plaintiff's bringing his action in the Municipal Court on the note for $4,108 without suing for the unpaid instalment of $928. If the defendant had paid the note voluntarily it would not have lost its title to the refrigerating equipment so long as this instalment of $928 remained unpaid. Commencing an action on the note can have no greater effect upon the defendant's title. The reasoning of the opinion in *Haynes* v. *Temple, supra*, is applicable to the present case even though the instalment of $928 became due before there was a default on the note.

It follows that the decree must be reversed and a de-

cree, with costs, entered that title to the refrigerating equipment installed in the premises in question under the contract of conditional sale, except the piping which runs through the walls and partitions, is in the plaintiff, and enjoining the defendant from interfering with the removal of such equipment by the plaintiff.

*Ordered accordingly.*