COMMERCIAL CREDIT CORPORATION *vs.* COMMONWEALTH MORTGAGE & LOAN CO., INC.

Suffolk.   May 15, 1931. — July 14, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Real or Personal Property. Mortgage,* Of real estate. *Sale,* Conditional. *Conversion. Practice, Civil,* Findings by judge.

Upon a report of an action heard without a jury in the Superior Court, "rulings" by the trial judge which actually were findings of fact were treated as such by this court.

A finding for the defendant was warranted at the hearing without a jury of an action of tort by the assignee of a vendor under a contract of conditional sale of certain refrigerating apparatus against a mortgagee of a modern apartment building under a construction mortgage requiring a payment by the mortgagee when electrical refrigeration was installed, for conversion of the apparatus, where the trial judge found that the defendant, after complete installation of the equipment and after he had advanced the full sum required by the mortgage, entered to foreclose it for breach of condition; that the equipment was designed and constructed to provide refrigeration for each apartment in the building; that it was adapted for permanent use by the tenants therein; that it was essential for such a building and was installed by the mortgagor permanently to increase the value thereof; and that it became a fixture in the building and part of the realty; distinguishing *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48, and *Stiebel* v. *Beaudette & Graham Co.* 275 Mass. 108, on the ground that the fact finding tribunal in those cases permissibly arrived at contrary conclusions of fact concerning the effect of the installation of the equipment.

The conclusion by the trial judge in the action above described, that the equipment became a part of the realty, was not inconsistent with, nor was a ruling that the equipment remained personalty as against the defendant required by, a further finding that the vendor and vendee did not intend that the equipment should become part of the realty: their intention, although a circumstance to be considered, was not conclusive.

TORT. Writ in the Municipal Court of the City of Boston dated January 13, 1930.

Upon removal to the Superior Court the action was heard by *Bishop,* J., without a jury. Material evidence, findings and rulings by the judge are stated in the opinion. He found for the defendant and reported the action for determination by this court.

*J. G. Kelly,* (*T. L. Thistle* with him,) for the plaintiff.

*J. M. Hogan,* (*F. W. Falvey* with him,) for the defendant.

CARROLL, J. The plaintiff's declaration alleges that the defendant converted to its own use two Copeland refrigerating machines, two electric motors, fifty-six Copeland cooling coils, fifty-six refrigerators. The answer is a general denial. The refrigerating equipment was installed in premises of which the defendant was the mortgagee.

There was evidence that the Beaudette & Graham Company sold on May 17, 1929, the equipment, including piping, on a conditional sales contract, to the Middlesex Apartments, Inc., the installation to be performed by the vendor, the title and ownership to remain in the vendor until paid. The purchase price has not been paid. The vendor assigned the conditional sales contract to the plaintiff on August 29, 1929. The Middlesex Apartments, Inc., the landowner, mortgaged the real estate to the defendant in the sum of $180,000. The mortgage was dated and recorded February 12, 1929. The mortgagee entered to foreclose for breach of conditions on November 7, 1929. A construction loan agreement accompanied the mortgage. It was specified in the loan agreement that a payment should be made when electric refrigeration was installed. The full principal sum has been advanced by the mortgagee.

The premises consisted of two adjoining buildings each containing twenty-eight apartments. The manner of installation, according to the evidence, is very similar to that described in *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48. There was evidence that in the design of the building a space was allowed in the kitchen of each apartment for the installation of a refrigerator to be connected with the piping running through the partitions. Each refrigerating machine

is composed of a compressor and an electric motor. It is installed in the basement of each building and is not attached to the floor. It rests on two pieces of lumber, two by four inches, which are under the compressor and remain there to deaden the noise. The refrigerating boxes containing the cooling coils are in the apartments. They are removable and attached to the "take-offs" in the wall by flexible copper tubing.

There was conflicting evidence on the question whether the piping could be removed without cutting into the walls. There was testimony that refrigerating equipment is economically essential in a building of the type in question, that apartments without such equipment are not readily rentable.

The case was tried before a judge without a jury. He ruled that the plaintiff could not recover; that the refrigerating equipment is essential for an apartment building of the character in question, if the owner is to rent the apartments to tenants of the class for which such building is designed; and he reported the case to this court.

As we interpret the record, the plaintiff did not include the piping in his declaration and the defendant in its brief concedes that the action is not brought for the conversion of the piping. Rulings were asked for by the plaintiff. The trial judge denied its requests that the finding should be for the plaintiff, that the equipment did not become a part of the realty and it was not essential to the premises, that the equipment is personal property, that it has not been wrought into the building and did not become a part of the building. He gave the fifth request of the plaintiff, which is in these words: "That the conditional vendor and the vendee did not intend that the refrigerating equipment should become a part of the realty." The defendant requested certain rulings. The judge ruled that the property described in the plaintiff's declaration was placed in the buildings by the plaintiff's assignor for the purpose of providing for the tenants a permanent system of refrigeration and it became a part of the realty; that the refrigerating systems are designed and constructed to provide refrigera-

tion for each apartment and are adapted for permanent use by the tenants and are fixtures in the building; that it was the obvious purpose of the mortgagor "by placing in those buildings the electrical refrigeration systems of which the property described in the plaintiff's declaration forms a part to permanently increase the value of those buildings for occupation by tenants of the individual apartments."

Some of the so called rulings were findings of fact and we treat those rulings which were findings as such.  See *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353–354.  *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48.

The question whether such equipment as that here considered belongs to the real estate or is personal property is usually a mixed question of law and fact.  The mode of annexation, the object and effect of the installation, the nature of the articles as well as the intention of the parties as shown by their acts, are to be considered.  *Hopewell Mills* v. *Taunton Savings Bank,* 150 Mass. 519.  *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349.  "The tendency of the modern cases is to make this a question of what was the intention with which the machine was put in place . . . only it should be noted that the intention to be sought is not the undisclosed purpose of the actor, but the intention implied and manifested by his act."  *Hopewell Mills* v. *Taunton Savings Bank,* 150 Mass. 519, 522.  It was said in *Smith Paper Co.* v. *Servin,* 130 Mass. 511, 513: "Whatever is placed in a building subject to a mortgage, by a mortgagor or those claiming under him, to carry out the purpose for which it was erected, and permanently to increase its value for occupation or use, although it may be removed without injury to itself or the building, becomes part of the realty, as between mortgagor and mortgagee, and cannot be removed or otherwise disposed of while the mortgage is in force."

Applying these principles, we are of opinion that the judge was justified in finding for the defendant.  The buildings were designed for modern apartments.  In each kitchen a space was reserved for the refrigerator; electrical

refrigerating equipment was economically essential if the apartments were to be rented to tenants for whom the building was intended. The purpose of the mortgagor, as found by the judge, in placing the equipment in the buildings, was permanently to increase their value and to supply a lasting system of refrigeration. The equipment was adapted for permanent retention. It was wrought into and attached to the real estate. The construction loan agreement provided that a payment was to be made under that agreement when the electrical refrigeration was installed. Where property installed in a building is not real estate as matter of law, but may become such, the intention of the parties is to be determined by their acts. The judge could conclude from these acts that it was not the intention of the mortgagor to supply an article of personal property which was to be taken out; that it in fact intended to furnish an equipment for use and retention which would permanently increase the value of the property and become a part of the property. He was not required as matter of law to find for the plaintiff. *Turner* v. *Wentworth,* 119 Mass. 459. *Southbridge Savings Bank* v. *Exeter Machine Works,* 127 Mass. 542, 545. *Hopewell Mills* v. *Taunton Savings Bank,* 150 Mass. 519. *Waverley Co-operative Bank* v. *Haner,* 273 Mass. 477. *Greene* v. *Lampert,* 274 Mass. 386.

There is nothing necessarily inconsistent with the rulings and findings of the judge and his giving of the plaintiff's fifth request, "That the conditional vendor and the vendee did not intend that the refrigerating equipment should become a part of the realty." The conditional sale was some evidence that the mortgagor did not intend that the equipment should become a part of the realty. *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 354. But the intention thus manifested was not conclusive. The landowner may well have intended to carry out the agreement as between itself and the vendor, to consider the equipment personal property until fully paid for; but as against the mortgagee all the acts of the landowner were to be considered as indicating its real aim, purpose and intent in installing the equipment, the use it served, that it was put

in permanently to increase the value of the premises, to provide the tenants with a lasting system of refrigeration, and that the buildings were so constructed to provide such refrigeration. On these findings the judge was not required to rule that the appliances were personal property, although he gave the fifth request to the plaintiff.

*Commercial Credit Corp.* v. *Gould,* 275 Mass.. 48, is not in conflict. There the judge found that the vendor and vendee did not intend that the equipment should become a part of the realty. It was held that because of this finding the conclusion was required that the equipment was personal property. In the case at bar the equipment was designed and installed for the very purpose of making a permanent addition to the building. Because of these findings the present case is also to be distinguished from *Morrison* v. *Segal,* 270 Mass. 292, *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349 and *Stiebel* v. *Beaudette & Graham Co.* 275 Mass. 108, where there were findings of fact that the articles were personal property.

The bald physical facts in the case at bar do not differ in essential particulars from those in *Commercial Credit Corp.* v. *Gould, supra,* and *Stiebel* v. *Beaudette & Graham Co. supra.* The difference between those cases and the case at bar consists in diverse inferences drawn by the trial judges in those cases as to the intent of the parties in installing the refrigerating system and the ultimate purpose to be accomplished by such installation and the design in making whatever attachment was made to the real estate, as compared with the inferences drawn by the trial judge in the case at bar touching those matters. The drawing of permissible inferences in an action at law is a question of fact; it is a function of the fact finding tribunal and not of this court on review of questions of law. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 521–523. *Leighton* v. *Morrill,* 159 Mass. 271, 278. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Jamaica Pond Aqueduct Corp.* v. *Chandler,* 9 Allen, 159, 166. Whatever inconsistencies may appear between these several cases and the case at bar are superficial and not substantial, resting wholly upon different

findings of essential facts and not resting in any degree upon different rules of law. The differences are nothing more than are liable to occur whenever there are separate trials between different parties with respect to facts in the main the same because of dissimilar views of the several judges or juries touching the inferences to be drawn and the emphasis to be given to one circumstance compared with other factors. The governing principles of law are the same; the conclusion as to the facts may vary. Said the United States Supreme Court, speaking through Taney, C.J., in *Luther* v. *Borden,* 7 How. 1, 42: ". . . a verdict is not evidence in a suit between different parties." The same is true of a finding of fact made by a judicial tribunal acting within its jurisdiction. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 219. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 570. See *Sargent* v. *Merrimac,* 196 Mass. 171, 175.

As the plaintiff cannot recover we have not considered the other questions argued. Judgment is to be entered for the defendant on the evidence.

*So ordered.*