EDWIN J. HANNAH, trustee, *vs.* HENRY F. FRAWLEY & others.

Barnstable. November 10, 1933. — December 28, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Real or Personal Property.*

The wife of a coöwner of the equity of redemption of certain real estate subject to a mortgage moved to the mortgaged premises a sectional "portable" building of the dimensions of twenty by thirty feet, exclusive of front and back porches, and used it there as a tea room

and grocery store during the summer months, some of the waitresses sleeping there. The mortgagee entered to foreclose his mortgage and, the owner of the building starting to move it from the land, brought against her a suit in equity to restrain the moving. A master found that the building was set on sixteen wooden posts extending about four feet above the ground; that the space under the building was covered by boards nailed to the posts; that there was no chimney, but that the building was wired for electricity and had plumbing connected with a cesspool; that removal of the building would cause "slight damage, if any, to the land"; that the defendant and the landowners did not intend that the building should become part of the realty; and that the plaintiff knew of the placing of the building on the land and made no claim to it until after he had entered to foreclose. The master concluded that the building was personalty. The report was confirmed and the trial judge ordered the entry of a decree dismissing the bill. The plaintiff appealed. *Held*, that

(1) The determination as between the plaintiff and defendant of the question of fact, whether the building was realty or personalty, depended for the most part upon the intention with which the building was placed upon the mortgaged land;

(2) The master's conclusion, that the building was personalty, was right;

(3) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on November 1, 1932, and afterwards amended, described in the opinion.

The suit was referred to a master. Material facts found by him are stated in the opinion. By order of *Hanify*, J., there were entered an interlocutory decree overruling exceptions of the plaintiff to the report and confirming the report, and a final decree dismissing the bill. The plaintiff appealed.

*H. A. Baker*, (*A. B. Bagley* with him,) for the plaintiff.

*C. C. Reed*, for the defendants.

LUMMUS, J. The defendants Henry F. Frawley and Albert E. LaBelle are the owners of an equity of redemption, and the other defendants are their wives. One of them, Lillian R. LaBelle, owned a sectional "portable" building of the dimensions of twenty feet by thirty feet, exclusive of the front and back porches. This building was moved on rollers as a unit, from its former location one hundred fifty yards away, to the mortgaged premises, with the consent of the owners of the equity of redemption, and was set

on sixteen wooden posts extending about four feet above the ground. The space under the building was covered by boards nailed to the posts. There was no chimney, but the building was wired for electricity and had plumbing connected with a cesspool. The building was used by Lillian R. LaBelle as a tea room and grocery store during the summer months, and some of the waitresses in the tea room slept there. Removal of the building would cause "slight damage, if any, to the land," and none of the defendants intended that the building should become part of the realty. The plaintiff, who was the mortgagee, knew at the time that the building was being placed on the land, and made no claim to it until after he had entered to foreclose, at which time the defendant Lillian R. LaBelle started to remove the building on rollers as a unit. This bill is brought to prevent its removal. After the confirmation of a master's report, finding the foregoing facts, and finding upon them that the building was personalty, a final decree was entered, dismissing the bill with costs. The plaintiff argues only his appeal from the final decree.

Between the mortgagee and the licensee of the owners of the equity of redemption, the building was of such a character that it could not be ruled as matter of law either that it became part of the realty or that it remained personalty. *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353. *Walker Dishwasher Corp.* v. *Medford Trust Co.* 279 Mass. 33, 35. After the physical facts were found, it became a further question principally of fact, whether the building was realty or personalty, and that depended for the most part upon the intention with which the building was placed upon the mortgaged land. *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353, 354. *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48, 52, 53. *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335, 338–340. *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 279 Mass. 314, 318. *Gardner* v. *Buckley & Scott, Inc.* 280 Mass. 106, 111. *Sacks* v. *McKane,* 281 Mass. 11, 21. See also *Landford* v. *Universal Ins. Co.* 282 Mass. 323.

Since this is a suit in equity, the appeal opens all questions of fact presented on the record (*Jennings* v. *Wyzanski,* 188 Mass. 285, 286, and cases cited; *Sparhawk* v. *Sparhawk,* 120 Mass. 390, 392; *Harris* v. *Mackintosh,* 133 Mass. 228, 231; *Stuart* v. *Sargent,* 283 Mass. 536, 541), and this court can deal with findings of fact as it could not in an action at law. *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335, 340. The conclusion of the master, from the subsidiary facts found by him, that the building was personalty, was open to revision by the judge and is open in this court on appeal, not only so far as it involves a ruling of law but also so far as it is a conclusion or inference of fact. Although the subsidiary facts cannot be challenged in the absence of the evidence, the conclusion drawn from them by the master or the judge carries no weight here. *Robinson* v. *Pero,* 272 Mass. 482, 484. *Ryder* v. *Donovan,* 282 Mass. 551, 554. But we think that both were right.

*Interlocutory and final decrees affirmed with costs.*