ALBERT C. TITCOMB, trustee, *vs.* J. E. CARROLL & others.

Middlesex.    December 7, 1932. — June 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Real or Personal Property.   Estoppel.*

A lot of land was leased for several years to be used as a location for a
 dining car.   The lessee then purchased a heavy dining car of "stock
 pattern" under a contract of conditional sale, and later gave a chattel
 mortgage thereof.   The car was rolled on its own wheels to the lot
 and remained there on the wheels for a time.   Subsequently, large
 wooden blocks were substituted for one pair of wheels.   Still later, a
 wall was built adjacent to the car, in such a manner that the ends of
 eight steel beams running crosswise under the floor of the car rested
 on wooden blocks embedded in the wall, the ends of two truss rods
 attached to the ends of the car projected into the wall, and the car
 could be readily removed from the lot but not without substantial
 injury to the wall.   The car was not peculiarly adapted to use on the
 lot in question, nor was it or the wall essential to the enjoyment of the
 land in its condition at the time when the car was placed thereon or
 the time when the wall was built.   *Held,* that

(1) The car did not become a part of the realty when it rested on
 its wheels or thereafter when wooden blocks were substituted for a
 pair of the wheels previous to the building of the wall;

(2) After the building of the wall, the car was not within the class
 of property which is part of the realty irrespective of the intention of
 the parties, but was within the class of property, the nature of which,
 as real or personal, depends in part on the intention of the parties;

(3) The physical facts with respect to the car and the mode of its
 attachment to the land, which were not as matter of law conclusive
 of the nature of the car as real or personal property, but were to be
 weighed with other facts showing intention, did not preclude a finding
 that the car remained personal property if such was the manifested
 intention of the parties to the lease;

(4) The evidences of the intention of such parties that the car should
 remain personalty overcame any inference of intention, that the car
 should become a part of the realty, which might be drawn from its
 mode of annexation to the land;

(5) The proper conclusion was that the car remained personalty and
 the property of the lessee subject to the chattel mortgage.
One, who had purchased the land above described, subject to certain
 leases and tenancies, including "Dining car," subsequent to the
 erection of the wall and without knowledge of the time when or the
 circumstances in which it was built and without other notice of the

lessee's title to the car, commenced a suit in equity against the lessee and the mortgagee to enjoin the removal of the car from the land after the expiration of the lease. The plaintiff made no claim that the car belonged to him until shortly before the commencement of the suit. *Held*, that

(1) The defendant lessee was not estopped to remove the car;

(2) A decree favorable to the defendants was proper.

BILL IN EQUITY, filed in the Superior Court on February 11, 1932, and afterwards amended, described in the opinion.

The suit was referred to a master. Material findings by him are stated in the opinion. By order of *Whiting*, J., an interlocutory decree confirming the master's report was entered; and by order of *Gray*, J., the final decree described in the opinion was entered. The plaintiff appealed from the final decree.

*W. P. Everts*, for the plaintiff.

*H. Hoffman*, for the defendants.

FIELD, J. This is a suit in equity wherein the plaintiff seeks to have determined the title to an alleged building situated on land of the plaintiff and to enjoin the defendants McAndrews and Carroll from removing it. By amendment the Union Market National Bank was joined as defendant, the plaintiff alleging that said bank claims to be the owner of a mortgage upon said building. The case was referred to a master who made a report which was confirmed. Thereafter a final decree was entered adjudging that the so called building — a dining or lunch car — situated on the land of the plaintiff is personal property in which the plaintiff has no right, title or interest, but that it is the property of the defendant Carroll subject to a chattel mortgage held by the defendant Union Market National Bank; and the plaintiff appealed.

The decree was right.

The facts admitted by the answers or found by the master include the following: In September, 1925, Anna A. Walker and Alice M. Morse, predecessors in title to the plaintiff, leased to the defendant McAndrews and one John J. O'Leary, for a term of three years from September 1, 1925, "a lot of land . . . in Watertown . . . in rear of

591 Mt. Auburn Street . . . to be used as location for
dining car." The lease was extended for an additional
term of three years, but has not been further extended.
The defendant McAndrews and said O'Leary bought a
dining or lunch car under a conditional sale agreement
dated October 15, 1925, which contained a provision that
title thereto should remain in the vendor until payment in
full of the purchase price. The car was placed on the
leased land. At some time said O'Leary assigned his in-
terest in the lease, and sold his interest in the dining or
lunch car, to the defendant McAndrews. October 31, 1929,
the defendant McAndrews gave a chattel mortgage of the
dining or lunch car to one Busconi, which was duly re-
corded in the town clerk's office, to secure the payment of
a promissory note of said defendant McAndrews, and this
note and chattel mortgage were assigned by said Busconi
to the defendant bank as collateral security for his own
promissory note. Both notes are unpaid. May 4, 1931,
the plaintiff entered into a written agreement to acquire
by exchange from Alliston D. Walker — whose title does
not seem to be questioned — "a certain parcel of land with
the building thereon . . . said building being numbered
583 to 591 on . . . Mt. Auburn Street," subject to certain
leases and tenancies including "Dining car in rear of said
building . . . leased to Dennis McAndrew expiring Sep-
tember 1, 1931." (This numbered building was not the
dining or lunch car.) May 21, 1931, one Burr, "a straw
man for said Alliston D. Walker," conveyed to the plaintiff
by a deed in statutory form with quitclaim covenants "a
certain parcel of land with the buildings thereon situate
and now numbered 583–591 Mt. Auburn Street in Water-
town, xxx Being the same premises conveyed by Alliston
D. Walker to the grantor herein by deed dated May 6,
1931," subject to "several tenancies and leases." The de-
fendant McAndrews paid rent under his lease through the
month of May, 1931. August 31, 1931, the defendant
McAndrews notified the plaintiff that he was to vacate the
leased premises by November 30, 1931. The plaintiff made
no claim that the dining or lunch car belonged to him

until early in 1932, after the defendant McAndrews had notified him that he was going to move it from the premises. It has not been removed.

The dining or lunch car is a "stock pattern car," weighing seven tons, which was rolled on its own wheels to the premises and remained there on wheels for about a year and a half. Its weight is now carried substantially by one pair of wheels still under and attached to it, and by large wooden blocks which have been substituted for the detached pair of wheels. Some portion of the weight, however, rests upon a wall. "The Wall was built of eight inch blocks made of sand and cement which did not come quite up to the chassis of the dining car. The lower course was from six to eight inches under the surface of the ground. The opening between the said chassis and the top of the wall, as well as the wall itself, was stuccoed which gave it the appearance of a solid wall right up to the chassis. There are eight steel beams running crosswise below the floor of the lunch car and forming a part thereof, four of them being I beams and four channel beams or bars, the ends of which rest upon the wall. On top of these beams are stringers going lengthwise of the lunch car. There is a wooden sill, also a part of the lunch car, underneath the ends and sides of the lunch car. The channel bars are forty-six inches between centers. The channel bars are embedded in the wall in this manner; there is a wooden block, four inches long and three inches wide, embedded in the wall on which the channel bars rest. The I beams are similarly embedded. . . . the lunch car is not attached to the wall except that two iron truss rods attached at the ends of said lunch car to the under part thereof and having the general shape of an elongated inverted arch project downward into the wall which is built around them. . . . [and] the lunch car can be readily removed but, on account of the embedding of said truss rods in the wall, it cannot be removed without substantial injury to the wall."

The wall was erected before the plaintiff purchased the real estate. He had no knowledge of the circumstances under which it was built or the length of time it had been

built before he received his deed of the premises, and no notice of the defendant McAndrews's title to the dining or lunch car except so far as such notice appears in his agreement to acquire the premises by exchange.

The master found, so far as it is a question of fact, "as a conclusion from . . . [his] foregoing findings of fact and the pleadings, that the lunch car is personal property; that it did not pass to the plaintiff under his deed from said Burr; and that the plaintiff has no title thereto." He found also, so far as they are questions of fact, "that the lunch car belonged to the defendant McAndrews until he sold it to the defendant Carroll . . . that it is now the property of said Carroll . . . [and] that the mortgage held by the bank is a valid chattel mortgage on said lunch car as security for the payment of the mortgage note given by the defendant McAndrews to said Joseph Busconi and by him assigned to the bank."

The primary question for our determination is the mixed question of law and fact whether, on the facts found or admitted, the dining or lunch car is personal property or is part of the real estate owned by the plaintiff. See *Robinson* v. *Pero*, 272 Mass. 482, 484; *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335. That the car has become a part of the realty is the sole ground on which the plaintiff claims ownership of the car and seeks to have its removal from his land enjoined.

It is clear that the dining or lunch car did not become a part of the realty when it rested on its wheels or thereafter when wooden blocks were substituted for a pair of the wheels prior to the building of the wall. *Hinckley* v. *Baxter*, 13 Allen, 139.

After the building of the wall the car was not within the class of property which is part of the realty independent of the intention of the parties, but rather was within the class of property the nature of which, as real or personal, depends in part on the intention of the parties as shown by their acts. See *Stone* v. *Livingston*, 222 Mass. 192, 194–195; *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353; *Commercial Credit Corp.* v. *Commonwealth*

*Mortgage & Loan Co. Inc.* 276 Mass. 335, 339. The physical facts found, though of some weight as tending to show the intention of the parties, are not as matter of law conclusive of the nature of the property, as real or personal, but are to be weighed with other facts showing intention. The character of the article as well as the mode of its annexation to the land is to be considered. The car was a complete unit in itself of a "stock pattern," not peculiarly adapted for use in connection with the particular land. It was not erected upon the land as a building but was constructed off the land and moved to the land on wheels like a vehicle. Even after two of the wheels were taken off and the wall was built the identity of the car was not lost and it could have been readily removed from the land without damage to itself and, obviously, could have been used elsewhere. The car bore some resemblance to the buildings held to be personalty in *O'Donnell* v. *Hitchcock,* 118 Mass. 401, and *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349. Neither the car nor the wall appears to have been essential to the enjoyment of the land in its condition when the car was moved to it or when the wall was built. See *Ferdinand* v. *Earle,* 241 Mass. 92, 95–96. And the mode of annexation of the car to the wall differs in no material degree from the mode of annexation of one of the portable garages to the cement floor in *Medford Trust Co.* v. *Priggen Steel Garage Co.* where the damage resulting to the floor did not preclude a finding that the garage was personalty. Though, as the master found, the car "on account of the embedding of said truss rods in the wall . . . cannot be removed without substantial injury to the wall" it does not appear that removal of the car would result in any injury to the plaintiff's freehold as a whole. See *Carpenter* v. *Walker,* 140 Mass. 416; *Gardner* v. *Buckley & Scott, Inc.* 280 Mass. 106, 109. *Hannah* v. *Frawley,* 285 Mass. 28. The wall, even if itself realty, was purely incidental to the use of the land as a location for the car and somewhat similar to means of attachment of chattels, "merely to steady them for their more convenient use."

See *Carpenter* v. *Walker*, 140 Mass. 416, 420. The physical facts, therefore, do not preclude a finding that the car remained personal property if such was the manifested intention of the parties.

The facts show that it was not the intention of the parties to the lease that the dining or lunch car should be annexed to the land so as to increase permanently the value thereof. The structure and characteristics of a dining or lunch car in general, and of this car in particular, so indicate, as do the facts, that the lease was of a "location for dining car" and that when given it was for three years only, though it was later extended for three years. And the fact that the car was bought by the original lessees on a conditional sale agreement also is some evidence that he intended that it should remain personalty and, even if unknown to the lessor, has a bearing upon the nature of the property. *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 354. The plaintiff, upon whom is the burden of proof that the car is a part of the realty, has not proved any circumstance showing a change, at the time the wall was built, in the relation between the lessor and the lessee, nor in their intention with reference to the car beyond the fact that the wall was built in the manner shown. Furthermore, the giving of a chattel mortgage by the lessee thereafter, while it could not change the nature of the car if it had already become realty, is some evidence of his intention. These evidences of intention that the car should remain personalty overcome any inference of intention that the car should become a part of the realty which might be drawn from its mode of annexation to the land. On all the facts the conclusion of the master was right that the car is personal property.

Since the dining or lunch car is personal property its owner is entitled to remove it even if the plaintiff when he bought the land had no notice of its nature, and we need not consider whether he had such notice. The case is not governed by the rules applicable to the removal of tenant's fixtures (see *Noyes* v. *Gagnon*, 225 Mass. 580, 585), nor by

the rules applicable to the removal of a part of real estate under an agreement permitting such removal. See *Gardner* v. *Buckley & Scott, Inc.* 280 Mass. 106, 111. Nor, on the facts shown, is the owner of the car estopped from removing it.

*Decree affirmed with costs.*