GRINNELL COMPANY, INC. *vs.* GARDNER TRUST COMPANY
& others.

Worcester.    September 25, 1933. — November 27, 1934.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Real or Personal Property. Sale,* Conditional: notice. *Notice.*

In a suit in equity by the vendor by conditional sale of a sprinkler sys-
tem, installed in a mill of the vendee, against one who was in posses-
sion of the real estate after purchasing at a sale in foreclosure of a
mortgage thereof, a decree establishing the title of the plaintiff was
warranted where the provisions of G. L. (Ter. Ed.) c. 184, § 13, as to
notice had been satisfied and it appeared that the vendee was in de-
fault under the contract of sale which included an agreement that the
system should remain personal property, and, upon evidence, partly
oral, warranting him in so doing, the judge found in substance that
the installation of the piping and hangers of the system did not "in-
jure the construction," that the system could be removed by unscrew-
ing the hangers and the joints in the pipes, and that it was "removable
without serious damage to the real estate."

The provision of G. L. (Ter. Ed.) c. 184, § 13, requiring the recording
of a notice of a conditional sale of certain kinds of personal property
"not later than ten days after the delivery" of the property upon the ·
real estate in order to make the sale valid as against a mortgagee,
purchaser, or grantee of the real estate, is satisfied by a recording
between the time of the making of the contract of conditional sale and
the time of the delivery of the property upon the real estate.

BILL IN EQUITY, filed in the Superior Court on October 7,
1932, and described in the opinion.

The suit was heard by *Dillon,* J. Material evidence and
findings by the judge are described in the opinion. A
decree was entered for the plaintiff. The defendant Gard-
ner Trust Company appealed.

*W. A. Loughlin,* for Gardner Trust Company.

*W. C. Mellish,* (*A. W. Mitchell* with him,) for the plaintiff.

FIELD, J. This suit in equity was brought by a condi-
tional vendor of an automatic sprinkler system against
J. W. Moulton & Son, Inc., the conditional vendee thereof
(at the time of the conditional sale the record owner of
the real estate on which the system was installed), Gard-

ner Trust Company (once the mortgagee of the real estate, later the owner thereof by a foreclosure deed) and the assignees for the benefit of creditors of the conditional vendee to establish the plaintiff's title to the sprinkler system, to enjoin the defendants from interfering with the removal of the sprinkler system by the plaintiff and to direct the defendants to give the plaintiff access to the sprinkler system for the purpose of removing it.

The conditional sale was made July 25, 1928. Notice in the form required by G. L. c. 184, § 13, was recorded in the registry of deeds August 4, 1928. The first delivery of personal property on the real estate under the conditional sale contract was made August 30, 1928. Installation of the system was begun August 31, 1928, and completed October 12, 1928. The record owner of the real estate gave a mortgage thereof to the defendant Gardner Trust Company on September 10, 1928, which was recorded on the same day. That mortgagee is now the owner of the real estate by a foreclosure deed dated September 7, 1932. The conditional vendee made an assignment for the benefit of creditors on March 17, 1931. It has failed to make payments required to be made under the conditional sale contract and is now in default in regard thereto. The plaintiff has notified the defendant Gardner Trust Company of its intention to remove the sprinkler system and this defendant refuses to permit such removal.

The facts above stated were agreed upon or were found by the trial judge and are not now in controversy. The judge found further that "said sprinkler system had not been wrought into and attached to said real estate as to become part of it" and that "it was removable without serious damage to the real estate," ruled that the sprinkler system is the property of the plaintiff and ordered the entry of a decree for the plaintiff. Thereafter a decree was entered adjudging that the sprinkler system is the property of the plaintiff and enjoining and directing the defendants in accordance with the prayer of the bill. The defendant Gardner Trust Company appealed. The evidence is reported.

The decree was right since (a) the sprinkler system did not become a part of the real estate and (b) the provisions of G. L. c. 184, § 13, were complied with if this sprinkler system was within the provisions thereof.

1. The sprinkler system did not become a part of the real estate.

The judge found that the sprinkler system did not become a part of the real estate. This was a mixed question of law and fact. *Titcomb* v. *Carroll*, 287 Mass. 131, 135. And this finding, being based in part on oral testimony, cannot be reversed unless plainly wrong. *Gardner* v. *Buckley & Scott, Inc.* 280 Mass. 106, 111. It was not plainly wrong.

There was evidence of the following facts: The sprinkler system was installed in two buildings about forty years old used for mill purposes and of a construction in part an old type of mill construction and in part one of joist construction. One building consisted of a basement, two stories and an attic, and the other of one story. The one-story building was in bad repair and there were holes in the floors of the other building. The sprinkler system consisted of a series of pipes to be kept full of water, connected, through a pipe in the basement already in place, with the city water main. At intervals on the pipes into which the water finally flows are sprinkler heads designed to open automatically when heated. The system is connected with an alarm bell outside the building. In installing the system a hole was cut in the outside brick wall for a one and one quarter inch pipe connecting with the alarm bell, and four holes were cut in the floors, some or all of them for five inch pipes, and about six holes were cut in partitions for one or two inch pipes. A square cement stand was built about two feet above the basement floor upon which rested an "elbow" connecting the sprinkler system with the inlet pipe from the city water main. The pipes are supported by three types of hangers which are screwed into beams or ceiling or attached thereto by screws making between nine hundred and one thousand screw holes, most of them about three eighths of an inch in diameter and two inches deep and

a few somewhat wider and deeper. There was testimony tending to show that only a few of these holes would require any repair if the hangers were removed, that the holes do not "injure the construction" and in "ordinary conditions . . . would not affect the strength" of the timbers. The sprinkler system could be removed by unscrewing the joints in the pipes and unscrewing the hangers. There was testimony that the removal of the sprinkler system would have no effect upon the building. On this evidence, particularly in view of the nature and condition of the building, the finding of the judge that the sprinkler system was "removable without serious damage to the real estate" was not plainly wrong. See *Carpenter* v. *Walker*, 140 Mass. 416; *Nickels* v. *Scholl*, 228 Mass. 205, 208, 210; *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 354; *Stiebel* v. *Beaudette & Graham Co.* 275 Mass. 108; *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 279 Mass. 314, 318. *Titcomb* v. *Carroll*, 287 Mass. 131, 136. See also *Independent Aetna Sprinkler Corp.* v. *Morris*, 114 N. J. L. 23.

There was evidence that the sprinkler system was assembled from stock materials, such as pipes, cut to different lengths, hangers and sprinklers, not manufactured for the particular building, that the whole equipment could be taken out and used in another building and if so taken out would have a substantial value to the plaintiff. And the fact that the sprinkler system was sold under an agreement that it should remain personal property furnishes some indication that the conditional vendee did not intend that it should become part of the real estate. *Titcomb* v. *Carroll*, 287 Mass. 131, 137. In the case of such property the intention of the landowner as shown by his acts is to be considered in determining whether personal property has become a part of real estate. This evidence, with the warranted finding that the sprinkler system was "removable without serious damage to the real estate," amply supports the finding that the sprinkler system did not become part of the real estate. See *Commercial Credit Corp.* v. *Gould*, 275 Mass. 48, 52–53; *Stiebel* v. *Beaudette & Graham Co.*

275 Mass. 108; *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335. And this finding was not precluded by the testimony of the plaintiff's chief engineer that the sprinkler system was "not a temporary thing."

2. If this sprinkler system was within the terms of G. L. c. 184, § 13, as we do not decide, the provisions of that statute were complied with.

Material portions of G. L. c. 184, § 13, in force when the contract of conditional sale was made, are as follows: "No conditional sale of heating apparatus, plumbing goods, ranges or other articles of personal property, which are afterward wrought into or attached to real estate, whether they are fixtures at common law or not, shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless not later than ten days after the delivery thereon of such personal property a notice such as is herein prescribed is recorded in the registry of deeds for the county. or district where the real estate lies. The notice shall be signed by the vendor or a person claiming under him and shall contain the names of the contracting parties, the name of the record owner of the real estate at the time of recording the notice, the fact that it is agreed that title to such personal property shall remain in the vendor until the purchase price is paid, the terms of payment and the amount of such purchase price remaining unpaid, and descriptions, sufficiently accurate for identification, of such real estate and the personal property delivered or to be delivered thereon." See now G. L. (Ter. Ed.) c. 184, § 13.

The argument that there was not compliance with this statute is based solely on the fact that the notice was recorded before any personal property was delivered on the real estate. But the only requirement as to time of recording is that the recording shall be "not later than ten days after the delivery thereon of such personal property." The statute fixes no time before which the notice cannot be recorded except, of course, as there is an implication that the notice cannot be recorded before the making of the contract of conditional sale. And the prescribed form of notice

indicates that the notice may be recorded before delivery of the personal property since the notice must contain a description of "the personal property delivered or to be delivered." It has been held that where deliveries are made from time to time the notice must be recorded not later than ten days after the first delivery. *Automatic Sprinkler Corp. of America* v. *Rosen*, 259 Mass. 319. Inferentially the notice may be recorded before later deliveries are made. But there is nothing in the phrase of the statute or in its obvious purpose indicating that the personal property "to be delivered" which must be described in the notice does not include the property "to be delivered" first as well as the property "to be delivered" later. Furthermore, the statute as originally enacted (St. 1912, c. 271) provided for recording in the city or town clerk's office "within ten days after the making of the contract of conditional sale, such contract, or a memorandum thereof," but by § 382 of St. 1918, c. 257, which was entitled "An Act to make certain substantive corrections in existing laws," (see also Sts. 1919, c. 5; 1920, c. 2,) the provisions now found in G. L. c. 184, § 13, differing in many respects from those of St. 1912, c. 271, were substituted therefor. See also Preliminary Report of the Commissioners to Consolidate and Arrange the General Laws, vol. II, pages 136–137; and Report of the Joint Committee on the Judiciary (1918), House Document 1530, page 202. It is to be inferred that the substitution of the phrase "not later than ten days after" for the phrase "within ten days after," as well as other substitutions, was purposeful, that the phrases were not used with identical meaning, and that the extension of time for recording from "within ten days after" the making of the contract to "not later than ten days after" delivery of the property was not intended to preclude effective recording between the time of making the contract and the time of delivery of the property.

The case of *Automatic Sprinkler Corp. of America* v. *Rosen*, 259 Mass. 319, is not inconsistent with the conclusion here reached. It is true that in the opinion in that case it is stated that "We construe the statute to mean that the notice must be recorded within ten days after the first

delivery of goods on the real estate, where goods are delivered from time to time" (page 322). But the court was there discussing a notice which, so far as appears, was not recorded until after the first delivery of 'personal property and was not interpreting the statute in its application to a notice recorded before any delivery of property — a matter not then before the court. The language of the opinion quoted "is to be read in connection with the facts and in the light of the issues and contentions then before the court." *Millett* v. *Temple,* 280 Mass. 543, 551.

*Decree affirmed with costs.*