NICHOLAS W. MATHEY *vs.* CHARLESTOWN FIVE CENTS SAVINGS BANK & others.

Suffolk. April 2, 1935. — April 30, 1935.

Present: CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Real or Personal Property.*

Where a blower system, consisting of large galvanized iron pipes, with branches therefrom, attached to the outside of a factory building by bands and lag screws, and of a fan operated by an electric motor, had not been designed especially for use on that building and could be removed therefrom without substantial injury thereto, the proper finding was that the system was personalty.

BILL IN EQUITY, filed in the Superior Court on January 25, 1934.

The suit was referred to a master. The bill, material facts found by the master, and decrees entered by order of

*Greenhalge*, J., are described in the opinion. The defendant Charlestown Five Cents Savings Bank appealed from each decree.

The case was submitted on briefs.

*E. W. Bancroft & M. L. Sherin*, for the defendant Charlestown Five Cents Savings Bank.

*A. P. Teele*, for the plaintiff.

CROSBY, J. This is a suit in equity in which the plaintiff seeks to obtain possession of certain property alleged to belong to him, or to recover damages therefor. The property in question is situated in a certain building, in Boston, which at one time had been occupied as a shoe factory and was equipped with shafting for the operating of machines in the conduct of the business, and with a blower system used in connection therewith. On August 1, 1928, the owners of the property executed a mortgage of it to the defendant bank (herein referred to as the defendant) in the sum of $50,000. Thereafter the defendant foreclosed its mortgage, and it was sold to one Meikle, who on June 2, 1932, conveyed it to the defendant which held the property until November 4, 1932. On that date the defendant conveyed the property to the defendant Kennedy who gave a first mortgage to the defendant and a second mortgage to the defendant Hope. The master to whom the case was referred found that Kennedy and Hope paid no consideration for the deed and mortgage held by them respectively, and whatever title either acquired was held in trust for the benefit of the defendant; and that the defendant was and remained the real owner of the premises.

The master further found as follows: The articles that are the subject of this litigation were installed in the building by a shoe company, former tenants, and on April 2, 1932, certain of the articles, which were assumed to be personal property, were owned by trustees in bankruptcy of the shoe company. One Montrose was in charge of the property with authority to sell the machinery and chattels belonging to the trustees, but not to sell the blower system and certain other property as he had been told by one

of the former owners of the building that they were a part of the building. The plaintiff received a communication from Montrose requesting him to make an offer for a lot of machinery left in the building by the shoe company which he spoke of as "everything that was left in the factory." The plaintiff went to the factory and examined the miscellaneous machinery and purchased it for $350. On April 5, 1932, the plaintiff delivered to Montrose a check in the sum of $350, payable to the trustees, in the margin of which was written: "Payment in full of balance of goods left in factory of Ground Gripper Shoe Co., Boston, Mass." The master states that as a result of this transaction the plaintiff claims to be entitled to the blower system and certain other named articles. He describes the blower system as consisting of a series of very large galvanized iron pipes on the outside of the building with branches therefrom, the openings being placed near the machines and extending to a large chamber near the roof of the building where there was a fan operated by an electric motor. He found that these pipes on the outside of the building were attached by bands and lag screws, and that it was possible to remove them without substantial injury to the building, but this had not been done by the tenant who installed them during the term of the tenancy or thereafter. The master describes other articles sold and delivered to the plaintiff concerning which no question is raised. He further found that the price of the goods sold by this transaction was $350; that the sum of $50 was then put into the hands of Montrose as a deposit; and that the blower system was not included in the sale.

The plaintiff filed objections to the master's report, including the finding that "the blower system was not included in the sale." Thereafter the case was heard by a judge of the Superior Court who found and ruled that the blower system was "not a fixture and was intended to be and was included in the sale to the complainant." An interlocutory decree confirming the master's report as modified was entered, and a final decree in favor of the

plaintiff was entered, with costs. From these decrees the defendant appealed.

We are of opinion that, in view of the master's finding that it would be possible to remove the blower system without substantial injury to the building, it was properly found to be personal property. It does not appear that this blower system had been especially designed for use in this particular building; it was equally adapted for use elsewhere. The case is governed in principle by *Carpenter v. Walker*, 140 Mass. 416, *Hopewell Mills v. Taunton Savings Bank*, 150 Mass. 519, 522, *Stone v. Livingston*, 222 Mass. 192, 195, *Nickels v. Scholl*, 228 Mass. 205, 210, and *Grinnell Co. Inc. v. Gardner Trust Co.* 288 Mass. 385, 388.

The interlocutory and final decrees should be affirmed. *Carchidi v. Kalayjian*, 264 Mass. 230.

*Ordered accordingly.*