STANDARD PLUMBING SUPPLY CO. *vs.* HARRY GULESIAN.

Suffolk.   January 5, 1937. — April 13, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Presumptions and burden of proof.   *Practice, Civil*, Requests,
 rulings and instructions.   *Conversion*.

It was error, at the trial of an action for the conversion of an oil burner
 brought by its conditional vendor against a purchaser of the real
 estate where the burner was installed, to deny rulings requested by
 the defendant that the burden was on the plaintiff to prove that the
 burner was personalty and his title to and right to possession thereof.

TORT for conversion of an oil burner.   Writ in the Munic-
ipal Court of the Roxbury District of the City of Boston
dated October 24, 1935.

On removal to the Superior Court, the action was heard
without a jury by *Morton*, J., who found for the plaintiff in
the sum of $350.   The defendant alleged exceptions.

*L. S. Nicholson*, for the defendant.

*I. J. Gornstein*, (*G. J. Gornstein* with him,) for the plaintiff.

LUMMUS, J.   The General Heating Appliance Company,
at the request of the plaintiff, in November, 1934, installed
in the house of one Hersey an oil burner of the gun type.
It was of common or "stock" design, weighed about one
hundred and thirty pounds, was supported on legs resting
on the concrete floor of the cellar, and had a pipe or gun
which projected into a brick and asbestos chamber under
the furnace which already was there.   The judge, sitting
without a jury, found as follows: "The removal of the
burner would in no way damage the property.   Every-
thing can be screwed out.   There is nothing really at-
tached to the furnace.   It rests on bricks surrounded by
loose asbestos.   It is not cemented to it.   Everything
would be left as it was before.   I find as a fact, in view of
this method of installation, that the burner and accessories
were personal property at the time that they were originally

installed and remained personal throughout, and were never wrought into or attached to the real estate." The price of the burner as between the plaintiff and Hersey was $445 of which $350 was paid, leaving $95 due. The plaintiff reserved the title when the burner was installed.

On December 15, 1934, by written agreement between the plaintiff and Hersey, the balance due was made payable in eighteen monthly instalments, and it was provided that the title to the burner and its accessories should remain in the plaintiff until the entire balance should be paid, and that the burner and its accessories should be deemed personal property.

Apparently before the installation, and certainly before the written agreement, the defendant, on November 5, 1934, attached the house and the lot of land upon which it stood in an action against said Hersey, and on March 2, 1935, bought the real estate at an execution sale based on such attachment. Upon demand by the plaintiff for the burner and its accessories, the defendant refused to deliver them. This action for their conversion was brought on October 24, 1935. The judge found for the plaintiff and assessed damages in the sum of $350.

G. L. (Ter. Ed.) c. 184, § 13, provides: "No conditional sale of heating apparatus . . . which are afterward wrought into or attached to real estate, whether they are fixtures at common law or not, shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless not later than ten days after the delivery thereon of such personal property a notice such as is herein prescribed is recorded in the registry of deeds for the county or district where the real estate lies. . . ." See now St. 1937, c. 112. The plaintiff recorded no such notice. We need not consider whether, if the oil burner became part of the real estate, the conditional vendor by recording a proper notice could defeat the title of the defendant to it under an earlier attachment of real estate. *Waverley Co-operative Bank* v. *Haner,* 273 Mass. 477. *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48, 50. *Sacks* v. *McKane,* 281 Mass. 11, 20. *American Soda Fountain Co.* v. *Parsons,* 32 Fed. (2d)

737. We need not consider, either, whether a chattel may be "attached to real estate" in such a manner as to require a notice under the statute, even though on general principles of law it has not lost its character as personalty. *Gardner* v. *Buckley & Scott, Inc.* 280 Mass. 106, 112, 113. *Grinnell Co. Inc.* v. *Gardner Trust Co.* 288 Mass. 385. *Abeloff* v. *Peacard*, 272 Mass. 56, 61. Compare *Sacks* v. *McKane*, 281 Mass. 11, where no notice was recorded, and the only question considered in deciding in favor of the conditional vendor was whether or not the oil burner remained personalty.

Very likely the conclusion of the judge that the oil burner remained personalty was warranted by the evidence. *Gardner* v. *Buckley & Scott, Inc.* 280 Mass. 106. *Sacks* v. *McKane*, 281 Mass. 11, 21. *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349. *Commercial Credit Corp.* v. *Gould*, 275 Mass. 48, 52. *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335. *Hannah* v. *Frawley*, 285 Mass. 28. *Titcomb* v. *Carroll*, 287 Mass. 131. *Grinnell Co. Inc.* v. *Gardner Trust Co.* 288 Mass. 385, 387, 388.

But the judge refused to give any of the rulings of law requested by the defendant. The first request asks a ruling that the burden is on the plaintiff to prove that at the time of the writ it owned and was entitled to possess the articles in dispute. The second asks a ruling that the burden is on the plaintiff to prove that the articles alleged to have been converted were personalty. Both these propositions are elementary in the law of conversion. *Handy* v. *C. I. T. Corp.* 291 Mass. 157, 159. *Wylie* v. *Marinofsky*, 201 Mass. 583. *Riley* v. *Boston Water Power Co.* 11 Cush. 11. The fact that the judge found the property personalty, and the plaintiff the owner, did not show that he made those findings by a preponderance of the evidence. The refusal of the requests suggests that he may have considered the burden of proof to be on the defendant. Because of this error the exceptions must be sustained, and we need not consider the other requests which were refused.

*Exceptions sustained.*